No. 18,793.

FRANK D. SHADE, *Appellant,* v. THE ASH GROVE LIME AND PORTLAND CEMENT COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. "WORKMEN'S COMPENSATION ACT"—*Both Appellant and Appellee within its Purview.* The original workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216) leaves an employee in industries within its purview no other remedy than the one provided by the act, where neither the employer nor employee has filed a statement of his election not to accept thereunder.

2. SAME—*Petition Drawn under Factory Act—May be Amended to Claim under "Workmen's Compensation Act."* Where a petition stating a cause of action under the factory act charges negligence, but discloses a situation in which a recovery can only be allowed under the workmen's compensation acts, the district court having jurisdiction of the parties and subject matter should not dismiss the action but should retain it for the remedy to which the plaintiff may prove his right.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed April 11, 1914. Reversed.

*T. F. Morrison,* of Chanute, for the appellant.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from an order dismissing an action to recover damages for personal injuries on the ground that the plaintiff's right to recover was governed solely by the workmen's compensation act. (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216.)

The petition contained averments sufficient for a cause of action under the factory act (Gen. Stat. 1909, §§ 4676-4683) under which it was obviously drawn, but it also contained charges of negligence sufficient to state a cause of action independent of the act.

The motion to dismiss was urged on the ground that both the employer and the employee at the time of the injury were within the provisions of the workmen's compensation act, because neither had filed a written declaration of an election not to come within its provisions or not to accept thereunder.

The original act of 1911 declared in section 1 that "save as herein provided, no such employer shall be liable for any injury for which compensation is recoverable under this act." In section 2 it was provided that the employee might elect to rely upon a right of action for negligence or the right of compensation under the act. The provisions of section 1 of the first act are not changed, but section 2 of that act is repealed by chapter 216 of the Laws of 1913. This leaves no provision in the later statute to which the clause above quoted can apply, and when both parties are under the compensation act the remedy prescribed by it is exclusive.

The first act applied to employers in the industries within its purview who elected to come under its provisions and to accept thereunder, but by the later stat-

ute, which took effect March 12, 1913, it is declared that the employer shall be deemed entitled to come within its provisions unless he shall file with the secretary of state a notice of his election not to accept thereunder, and the employee is put in the same situation.

The plaintiff was injured March 13, 1913. The defendant filed a statement of its election not to come under the act on March 17. The plaintiff never filed a like declaration. It will therefore be seen that on March 13, the date of the injury, both parties were under the provisions of the act, neither having elected to the contrary, although the defendant did so a few days afterward. While it is true that such compensation acts do not exclude other remedies in the absence of provisions to that effect, yet by the terms of the statute itself such remedies are excluded when both employer and employee are under its provisions. The option contained in the section repealed was taken away as to parties so situated when the amendatory statute took effect. It follows that the plaintiff could not recover otherwise than under the workmen's compensation act, but it is not perceived how this deprived the court of jurisdiction of the person and subject matter or afforded grounds for a dismissal of the action. It is stated, however, in the plaintiff's brief that he elected his remedy under the factory act. Such an election is not contained or referred to in the abstract, and we are inclined to construe the brief as relating to an insistence of a right to the benefit of the factory act, but not as a repudiation of any right to any other remedy. This conclusion is the more readily adopted because an interpretation of recent statutes never passed upon by this court was necessary, and because the district court in the entry based the dismissal upon want of jurisdiction and made no reference to an election of remedies.

The district court clearly had jurisdiction. The action should be reinstated for the pursuit of any ap-

propriate remedy that the present petition or any reasonable amendment may warrant.

The judgment is reversed and the cause remanded for further proceedings.