No. 19,324.

E. F. McRoberts, *Appellee*, v. The National Zinc Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act — *Employer and Employee Within Its Provisions — Remedy is Exclusive.* Shade *v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193, holding that the remedy afforded by the workmen's compensation law (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216) in cases where the employer and employee have elected to come within its provisions is exclusive, followed.

2. Same—*Action Can Not be Joined with Common-law Action for Damages.* An injured employee brought an action asking in the first count for compensation for his injury under the workmen's compensation law and in the second count for damages for pain and suffering and for disfigurement of his hand proceeding from the same injury and which resulted from the negligence of the defendant. The court overruled a demurrer to each count of the petition and refused to require the plaintiff to elect on which count he would rely, and directed the parties to proceed to trial on the count for damages, reserving the count for compensation for future consideration. The jury were instructed to consider the case as one based upon a common-law liability for a negligent injury, and a verdict was rendered awarding damages for pain and suffering and disfigurement. *Held*, that while there was some evidence tending to show partial disability and some testimony as to the recent earnings of the plaintiff, the verdict rendered can not be treated as an award of compensation nor can a judgment be entered in this court for any sum as compensation.

Appeal from Wyandotte district court, division No. 3; Hugh J. Smith, judge. Opinion filed November 14, 1914. Reversed.

*Adrian F. Sherman, Thad B. Landon,* and *W. V. Thompson,* all of Kansas City, Mo., for the appellant.

*W. W. McCanless,* of Kansas City, for the appellee.

*Robert Stone,* and *George T. McDermott,* both of Topeka, as *amici curiæ.*

McRoberts v. Zinc Co.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by E. F. Mc-Roberts, a former employee of the National Zinc Company, to recover from that company for injuries suffered by him in an accident that occurred in the zinc plant which he alleged was the result of a defective appliance. His petition, which contained two counts, set forth, first, the circumstances under which he was injured, the extent of his injuries, the permanence in character of the injuries, the wages which he had been receiving, and then asked for compensation under the workmen's compensation law. (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216.) In the second count he sought a recovery for the same injury as a common-law liability, basing his right to recover upon pain and suffering, which he alleged was the result of the company's negligence and which he must suffer during his life, and also for permanent disfigurement of his hand. He asked judgment for $2500 on the first count as compensation for loss of labor and wages for the period of eight years, and judgment under the common-law count for $2500 as damages for physical and mental pain and the permanent disfigurement of his hand. The company answered by a general denial, and averred that McRoberts' injuries were the result of his own negligence and the result of the usual risks and hazards of the employment which he had assumed. Before going to trial the company objected to the introduction of any evidence because of inconsistencies of the two counts of the petition, one being for compensation under the compensation law and the other a common-law liability for the same injury, and insisted that the plaintiff should be compelled to elect under which count he would proceed. An objection was also made to the impanelling of a jury because McRoberts had failed to file, previous to trial, a written notice that a trial by jury would be demanded, as the

compensation law provided and there was a further objection that the petition contained no averment that the parties came within the operation of the workmen's compensation law. The court overruled the objections and required the parties to proceed to try the case upon the second count of the petition only before a jury, stating that the matter of proceeding under the first count of the petition would be taken under advisement for future action. Demurrers to each count of the petition were filed and these were overruled. At the conclusion of the evidence the case was submitted as if it were a common-law liability, and the jury were instructed that if they found the company to have been negligent and that McRoberts was free from contributory negligence they might award him damages for pain and suffering already sustained, and also for loss of time and wages as well as for expenses necessarily incurred for medical treatment. The jury were also advised that if the injuries were found to be of a permanent nature they might allow McRoberts damages for pain and suffering which he would probably suffer in the future as well as for loss of time and wages that he might thereafter sustain. Under the instructions the jury found for McRoberts and fixed the amount of his damages at $2500.

At the trial it was admitted that both parties had been automatically brought within the operation of the workmen's compensation law because of the fact that neither had elected not to come under the provisions of that law. The company insisted at the trial, and is insisting on this appeal, that the remedy provided by the compensation law is exclusive as to employer and employee who have elected to come within its provisions. In the enactment of the compensation law the legislature recognized that the common-law remedies for injuries sustained in certain hazardous industries were inadequate, unscientific and unjust, and therefore a substitute was provided by which a more equitable adjustment of such loss could be made

under a system which was intended largely to eliminate controversies and litigation and place the burden of accidental injuries incident to such employments upon the industries themselves, or rather upon the consumers of the products of such industries. The court has already determined that as to employer and employees who elect to come within the provisions of the compensation law the law itself becomes a part of the contract of employment and both are bound by its provisions. It was further determined that as to them the remedy afforded by the law is substitutional rather than supplemental or cumulative, and therefore exclusive. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193.) The decision of the cited case had not been announced when the present case was tried nor when the appeal was taken, and when the case was brought here for determination it was frankly stated on a preliminary application that one of the principal questions for decision was whether where the parties have elected to come within the provisions of the law an injured employee has a right of action at common law for personal injuries as well as a right to compensation under the compensation law. It is now conceded by both parties that this question has been settled and that the remedy provided by the compensation law is exclusive. The case, however, was tried below as a common-law liability, and the only question submitted at this time is whether under the record as it is presented the judgment may be treated as an award of compensation.

It is contended by the appellee that the count of the petition under which the trial was had set forth facts sufficient to warrant the recovery of compensation, that the evidence produced showed that he was entitled to compensation in an amount equal to the damages awarded by the jury and that if not entitled to that sum he was, at least, entitled to the minimum compensation of $3 per week for eight years, and he now offers to submit to a reduction of the judgment to a minimum amount of $1248 in order to avoid the trouble

and expense of another trial. All will agree that if the proceedings in the case, including the evidence and findings, will justify this court in an entry of final judgment here it should be done. To do so, however, would be to try and determine an issue here that was not considered nor decided by the trial court. The elements which enter into a recovery of compensation differ radically from those which warrant a recovery of damages, and the evidence which would support the issue in one is inappropriate to offer in support of the other. Compensation for partial or total disability depends mainly on the average earnings of the injured employee for certain periods preceding the injury, while the damages awarded were not measured by earnings but were based on the loss which resulted from pain and suffering endured by appellee and to be endured in the future as well as the loss sustained by the disfigurement of his hand. The extent of the incapacity resulting from the injury is an important question for determination. Is the disability total or partial, and, if partial, is it of a permanent nature? The age of the employee is a consideration as well as the grade of employment in which he had been engaged for the year preceding the accident, and in determining what is a just average of the earnings of the employee it is important to know whether his employment had been casual or continuous and whether he had been engaged by more than one employer. It is true that it came out incidentally during the trial that McRoberts had been working for the appellant off and on for about two and one-half years and while at work had received $2 per day, and also that he had played ball with a certain club on certain Sundays and had received as compensation $5 for each Sunday that he had played. No issue, however, was formed on the matter of earnings and the attention of the jury was not called to the evidence relating to wages, and the award which the jury made was not based on an average of earnings. On the contrary, as

McRoberts v. Zinc Co.

we have seen, the jury were instructed to measure the recovery by the pain and suffering which appellee had endured before the trial and would probably undergo in the future; a measure wholly inconsistent with that prescribed in the compensation statute.   Maximum and minimum limitations are placed on the average of the earnings of an employee, and there is also a provision that payments for total and partial disability shall in no case extend over a period of eight years. Here, as we have seen, no consideration was given to any limitation and the jury were authorized to award damages that appellee might sustain throughout his life by reason of the injury.   If compensation is to be contested an issue should be framed between the parties as to the right to compensation, each having an opportunity to offer testimony in support of the issue, and the compensation should be measured as the statute provides.   There is no basis on which this court can treat the verdict as an award of compensation, nor is it warranted in directing a judgment for any amount on the record as it stands.

The judgment will, therefore, be reversed and the cause remanded for a new trial on that count of the petition which the trial court reserved for future consideration.