No. 19,193.

JULES FRERE, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. ACTION—*Within Workmen's Compensation Act—Tried Under Mining Act—Too Late to Complain After Judgment.* An action which should have been brought under the workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216) was brought and tried as one arising under the act relating to mines (Gen. Stat. 1909, § 4992). No suggestion was made by the defendant that either party had filed its nonacceptance of the provisions of the compensation act, and the pleadings and instructions were in accordance with an action brought under the mining statute, no request being made for different instructions. *Held,* that the defendant can not be heard to complain for the first time in this court on appeal that the petition contained no allegation that either party had elected not to accept under the terms of the compensation act.

2. PERMANENT INJURIES—*Proof—Verdict and Judgment Sustained.* Permanent injury is to be proved like any other issuable matter, and when there is competent testimony showing or fairly tending to show its existence, and the jury have found that the plaintiff was permanently injured and the verdict has been approved by the trial court, the judgment will not be disturbed.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed January 9, 1915. Affirmed.

*W. W. Brown, James W. Reid,* both of Parsons, and *Al. F. Williams,* of Columbus, for the appellant.

*C. A. McNeill* and *E. V. McNeill,* both of Columbus, for the appellee.

The opinion of the court was delivered by

WEST, J.:   June 26, 1913, plaintiff filed his petition charging that on April 19, 1913, he was burned while working in a coal shaft in one of defendant's mines, by

an explosion of gas. It was charged that the defendant
knew or should have known that gas was generating
in the mine and that explosions were liable to occur;
that the defendant unlawfully and negligently failed
to have the working places therein examined or prop-
erly inspected. The answer consisted of a general
denial and an allegation that whatever injury occurred
was due solely to the plaintiff's carelessness and failure
to comply with the orders and instructions of the mine
foreman; further, that he knew the exact condition;
that he assumed the hazards, and that the coal pro-
duced by the mine was used in interstate commerce.
The jury returned a verdict in favor of the plaintiff
for $1000, $410 of which were for permanent injuries
as shown by the special findings. The instructions
were strictly in line with an action under the statute
for failure to comply with the provisions governing the
operation of mines, the jury being expressly told that
the laws of this state require the operator of a coal
mine to appoint a competent fire boss, whose duty it is
to carefully examine and inspect every working place
and opening in such mines, and to notify the employees
of the existence of fire damp or gas, and that a willful
failure to comply with these provisions or any violation
of them, which was the proximate cause of the in-
jury, would make the defendant liable. The defendant
appeals, and insists that the petition contained no alle-
gation that either party had elected not to accept under
the terms of the compensation act, and that there was
no evidence to sustain a recovery for permanent in-
juries.

Under section 7 of chapter 216 of the Laws of 1913
all employers entitled to come within the provisions
of the act shall be presumed to have done so unless they
file with the secretary of state a written statement that
they do not so elect, and under section 8 a similar rule
is laid down touching employees. It is argued that in
the absence of an allegation of nonacceptance it must

be presumed that the parties were acting under the compensation act. The plaintiff replies that under the circumstances of the case he should be permitted to amend his petition and prove what he suggests is a fact not shown by the record—that the defendant had filed a statement, which has been a matter of record since April 19, 1913; that unless thus permitted, the remand, if ordered, should be for the sole purpose of trying this question.

When the parties are actually within the purview of the compensation act no other remedy than the one therein provided remains. (*Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193; *McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247.) The statutory presumption that all employers affected by the act are within this provision remains until the contrary appears, and the matter of election to stand outside of the provision is an affirmative defense. *Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244.) Presumptions of law need not be pleaded. (Civ. Code, § 131.) As the pleadings, proceedings and instructions were all in line with a statutory action for damages under section 4992, and as the affirmative defense of nonelection was not presented, it is difficult to see how the defendant can complain.

As to the other question presented, while it is true that it was testified by physicians that the burns were first-degree burns, and that a gas explosion to affect the hearing would have to be strong enough to burst the ear drums, still the testimony showed that the burns covered the face, ears, back of the neck, both hands and a portion of the forearm; that the plaintiff was confined to his home about two weeks; that at the time of the trial, which was seven months after the injury, the plaintiff's right ear was at times swollen and blistered on the inside, and caused an eruption so that the plaintiff could not hear, and that he could hardly read at nights on account of the injury to his right eye; that he never had anything wrong with him before the

injury; that whenever his ears were swollen he could not sleep on account of a sensation like that of a hammer pounding. One of the physicians, testifying on behalf of the plaintiff, was asked if from the character of the injury he saw, after the burns had passed away they would leave no permanent injury, and his answer was: "I could not say that." Numerous authorities from other states are cited to the effect that before recovery can be had for permanent injury reasonable certainty of such injury, and not merely possibility thereof, must be shown. This is also the rule in this state. In *C. R. I. & P. Rly. Co. v. Kennedy*, **2 Kan. App.** 693, 43 Pac. 802, it was said:

"Before such damages can be given, the evidence must show that the permanency of the injury is reasonably certain; there must be more than a mere possibility that such will be the result." (p. 702.)

It was further said that the jury should have been instructed as to the degree of proof required, but that the failure so to instruct would probably not be reversible error, as no further instruction was requested on that subject. There is no essential difference between proof of permanent injury and proof of any other matter. If competent evidence showing or fairly tending to show its existence be submitted, the weight and effect thereof are for the jury, and from the evidence already referred to it would seem fairly deducible that the plaintiff will never be free from the results of the burning and concussion.

Finally, no objection was made to proceeding as if the action were one for damages under the act relating to mines (Gen. Stat. 1909, § 4992). No instruction was offered touching the compensation act, but both parties tried the issues as framed by the pleadings, and on that basis no error is apparent. It is too late now to invoke the provisions of the compensation act for the first time.

The judgment is affirmed.