No. 19,300.

G. F. SMITH, *Appellee*, v. THE WESTERN STATES PORT-
LAND CEMENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Election by Employer Not to Accept
Workmen's Compensation Act—Employee May Recover Under
Factory Act*. The factory act is not repealed. It remains in
full force, but it can not be invoked by an employee to whom
the benefits of the workmen's compensation act are available,
and who has elected to accept them. Where, however, the
employer has elected not to accept the latter act, the employee
is free, notwithstanding his own acceptance, to bring an
action under the factory act.

Appeal from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed March 6, 1915.
Affirmed.

*Thomas E. Wagstaff*, of Independence, for the
appellant.

*O. L. O'Brien*, of Independence, and *Charles D.
Welch*, of Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.: G. F. Smith was injured while in the
employ of the Western States Portland Cement Com-
pany. He recovered a judgment under the factory act,
and the defendant appeals.

The plaintiff's duties required him to work about a
conveyor box—a long wooden box twenty inches wide
and two feet deep, through which clay was conveyed
by the revolution of a large auger or screw, extending
for its entire length. He stepped into the box at a place
where it was not covered, and the motion of the con-
veyor so crushed his foot and leg as to require amputa-
tion. The liability of the defendant is based upon its
omission to provide a cover for the box at the place
where the accident occurred. The defendant maintains

that the evidence conclusively showed that a cover was furnished, but that the plaintiff neglected to put it in position. He testified that there was a piece of board near the place, but that it was too long to be used for that purpose. A finding was therefore warranted that the defendant had violated the statute by failing to safeguard the conveyor by providing a covering for it. The contention is also made that the defenses of contributory negligence and assumption of risk were available to the defendant. This is based, however, on the theory that the injury was not due to the violation of the statute, and we think the evidence made that a fair question for the jury.

Complaint is made of the refusal of an instruction the purport of which is shown by these concluding words:

"If after having fully and conscientiously considered all the evidence in the case, guided by the law as given by the court, and in full, fair and patient consultation with your fellow jurors, any one of you should nevertheless find yourself at variance with the others, as to any material question to be satisfied by the verdict, you should not yield your decision, simply because your fellows are of a different view, or that the majority are against you."

It has been held that in a prosecution for murder error may be committed in denying a request to instruct the jury to the effect that each juror must finally act upon his own individual judgment. (*The State v. Witt,* 34 Kan. 488, 496, 8 Pac. 769.) But it has also been held that in a civil case the same strictness is not required, and that the refusal of such an instruction is not reversible error where it does not appear that there was any special necessity for it. (*C. B. U. P. Rld. Co. v. Andrews,* 41 Kan. 370, 381, 21 Pac. 276.) There seems to be nothing in the present case to take it out of the ordinary rule in this regard.

The plaintiff never filed any statement with the secretary of state regarding the matter, and therefore

must be regarded as having chosen to accept the provisions of the workmen's compensation act. The defendant, however, had duly elected not to be brought within its operation. It is maintained in behalf of the defendant that in this situation the plaintiff had no remedy outside of the workmen's compensation act—that that statute repealed the factory act. It has been determined that an injured employee has no other remedy against his employer than that given by the workmen's compensation act where both have elected to accept its provisions. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193.) The factory act, however, is not repealed. It remains in full force, but it can not be invoked by an employee to whom the benefits of the workmen's compensation act are available, and who has actively or passively signified his acceptance of its benefits. The workmen's compensation act clearly contemplates that compensation for injury to a workman shall be made under its provisions only where both the employer and the employee have elected to be governed by it. This is implied by the option given to each to accept or reject it. Where one accepts and the other rejects it certain enumerated consequences follow (Laws 1911, ch. 218, §§ 46, 47), but no action can be sustained under it. Here the employer elected not to come within its provisions. He was exempt from liability under it, notwithstanding any action the employee might take, and having escaped its burdens, he necessarily lost the rights to invoke its benefits.

The judgment is affirmed.