No. 26,950.

MYRTLE ECHORD et al., by MYRTLE ECHORD, their Guardian, *Appellees*, v. A. W. RUSH, Receiver, *Appellant*.

### SYLLABUS BY THE COURT.

WORKMAN'S COMPENSATION ACT—*Conclusiveness of Remedy Afforded.* The remedy afforded by the workmen's compensation law is exclusive, where the employer and employee are voluntarily operating under its provisions, and the injury to the workman relied upon arose out of and as a result of such employment on the premises.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed January 8, 1927. Reversed.

*Charles T. Meuser,* of Paola, for the appellant.
*John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the widow, on behalf of herself and as guardian of the minor children of Jess Echord, deceased, for damages on account of his death resulting from the negligence of defendant. The jury answered special questions and returned a verdict for plaintiff. The defendant has appealed.

The petition alleged, in substance, that defendant was operating a coal mine in Linn county; that about October 5, 1923, Jess Echord entered the employ of defendant and continued to work as a miner in such mine until November 8, 1923, when he "became violently ill as the result of, and in the course of his employment as such miner";

Workmen's Compensation Acts, C. J. pp. 54 n. 97, 135 n. 42; L. R. A. 1916A 223; L. R. A. 1917D 93; 28 R. C. L. 829.

that he was injured as a result of poisonous gases existing in such mine which he inhaled and which wholly incapacitated him and caused him to become violently ill, and that he "did, as the result of the injuries received from such poisonous gases, die November 10, 1923." The mine was operated under the room-and-pillar system. The negligence alleged was the failure of defendant to close openings from abandoned portions of the mine; failure to have proper openings for fresh air, and currents of fresh air; failure to test for and discover poisonous gases and report to the state inspector of mines, as provided by law, and to provide the miner with a safe place to work. It was further alleged that in a prior proceeding it had been adjudged that the workmen's compensation law did not apply to the injuries complained of.

The answer contained a general denial, and averred that if Jess Echord came to his death or was injured in the manner alleged in the petition, plaintiffs' only recourse in law was under the workmen's compensation act, and further alleged a prior proceeding by plaintiffs against defendant under the workmen's compensation law in which judgment had been rendered for defendant, and further alleged assumption of risk.

The reply averred that the prior proceeding determined only the question as to whether Jess Echord came to his death by accident arising out of and in the course of his employment.

The evidence disclosed that defendant and Jess Echord were within the provisions of the workmen's compensation law, and tended to support the allegations of plaintiffs' petition.

The jury, in answers to special questions, found that Jess Echord's death was not due to the sudden escaping of poisonous gases in the mine, but the real or proximate cause of his death was inhaling poisonous gases from day to day.

Appellant's first contention is that plaintiffs' only remedy is that provided by the workmen's compensation law. This contention must be sustained. The Corpus Juris treatise on workmen's compensation acts states the rule thus:

"Where the employer and the employee have elected to come within a compensation act the remedy afforded by it is exclusive." (p. 135.)

In *Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193, it was held:

"The original workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216) leaves an employee in industries within its purview no

other remedy than the one provided by the act, where neither the employer nor employee has filed a statement of his election not to accept thereunder." (Syl. ¶ 1.)

The statute there construed was amended by chapter 226 of the Laws of 1917, by adding a proviso permitting certain employees not included in the original act to elect to come within its provisions—a provision not material in this case—and, as so amended, is R. S. 44-505.

A rehearing was allowed in that case (see 93 Kan. 257, 144 Pac. 249, for opinion on rehearing), elaborate briefs were filed by the parties and by others as *amici curiæ,* and two other cases *(Mc-Roberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247, and *Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244) were argued at the same session of court. The court adhered to its former decision, and in the opinion said:

"It was held in the former opinion that where the employer and employee are both under the compensation act, the remedy afforded by that statute is exclusive. It is argued that this conclusion is unsound, and that it should be held that the employee may still resort to the factory act for relief. Upon a reëxamination of the question the court remains satisfied with the views stated in the former decision, for the reasons stated in that opinion, and in the opinion in *McRoberts v. Zinc Co.,* supra. The same result was reached in *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685. The underlying principle is also clearly stated in 26 A. & E. Encycl. of L. 621. It should also be observed that an employee is not deprived of the right to the benefit of the factory act nor of common-law remedies without his consent. They remain open to his election if made before the injury, by filing a declaration 'that he elects not to accept thereunder'—that is, under the provisions of the compensation act." (p. 358.)

This holding was specifically followed in *McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247, and in *Frere v. Railway Co.,* 94 Kan. 57, 59, 145 Pac. 864, where it was said:

"When the parties are actually within the purview of the compensation act no other remedy than the one therein provided remains."

And in *Smith v. Cement Co.,* 94 Kan. 501, 503, 146 Pac. 1046, where it was said:

"It has been determined that an injured employee has no other remedy against his employer than that given by the workmen's compensation act where both have elected to accept its provisions. *(Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193.) The factory act, however, is not repealed. It remains in full force, but it cannot be invoked by an employee to whom the benefits of the workmen's compensation act are available, and who has actively or passively

signified his acceptance of its benefits. The workmen's compensation act clearly contemplates that compensation for injury to a workman shall be made under its provisions only where both the employer and employee have elected to be governed by it. This is implied by the option given to each to accept or reject it. Where one accepts and the other rejects it certain enumerated consequences follow (Laws 1911, ch. 218, § § 46, 47), but no action can be sustained under it. Here the employer elected not to come within its provisions. He was exempt from liability under it, notwithstanding any action the employee might take, and having escaped its burdens, he necessarily lost the rights to invoke its benefits."

This holding was followed and applied in *Moeser v. Shunk,* 116 Kan. 247, 251, 226 Pac. 784; *Chappell v. Morris & Co.,* 118 Kan. 210, 212, 235 Pac. 117; *Hines v. Dahn,* 267 Fed. 105, 114; *Hawkins v. Bleakly,* 243 U. S. 210, 212; and this holding is in accord with many decisions from other states construing similar statutes. The following are cited without an attempt to exhaust the authorities: *Georgia Casualty Co. v. Haygood,* 210 Ala. 56; *Turner v. Albany Coca-Cola Bottling Co.,* 32 Ga. App. 518; *Eddington v. Northwestern Bell Telephone Co.,* 202 N. W. 374 (Iowa); *Taylor's Adm'r v. Bates & Rogers Const. Co.,* 196 Ky. 206; *Gillard's Case,* 244 Mass. 47; *Victory Sparkler Co. v. Francks,* 147 Md. 368; *Wirta v. North Butte Mining Co. et al.,* 64 Mont. 279; *Navracel v. Cudahy Packing Co.,* 109 Neb. 506, 512; *Warner v. Synnes et al.,* 114 Ore. 451; *Liberato et ux. v. Royer et al.,* 281 Pa. St. 227; *Mueller v. Eyman,* 112 Ohio St. 337.

But appellees say that it has been adjudicated in the prior case in the district court; that the injury sustained by Jess Echord was not an accident within the meaning of the workmen's compensation law, and therefore that plaintiffs were not entitled to recover under that law. It is possible that decision was erroneous and should have been appealed from—but we do not have that question before us in this case and do not decide it. However, it is clear from the record in this case that Jess Echord was an employee of defendant, and both were operating under the workmen's compensation law; that the injury arose from the employment, and as a result of it, and on the premises, in the mine of defendant, and the rights of the parties with respect to such injury are governed by the workmen's compensation act. If plaintiffs can get no relief under that act they are without relief. When Jess Echord voluntarily worked for defendant under this act— which he did by not electing not to be bound by it—he gave up, for himself and his dependants, his common-law right to maintain an action for damages for defendant's negligence with respect to any

injury sustained by him growing out of his employment on the premises, just as the defendant, by not electing not to be bound by the act, gave up the common-law defenses of contributory negligence, assumption of risk, etc.

Appellees cite and rely upon *Swader v. Flour Mills Co.*, 103 Kan. 378, 176 Pac. 143, and *Stamps v. Railroad Co.*, 113 Kan. 644, 218 Pac. 1115, 114 Kan. 477, 218 Pac. 1115, but those cases involved the liability of a third party (not the employer) whose negligence resulted in injury to an employee, and are obviously not in point.

Some other questions are argued, but in view of the conclusion reached on the question determined it will not be necessary to discuss them.

The judgment of the court below is reversed, with directions to enter judgment for defendant.