No. 27,595.

Fern McDonnell, *Appellee*, v. Swift & Company, *Appellant*.

(259 Pac. 695.)

SYLLABUS BY THE COURT.

Workmen's Compensation Act—*Injury Arising Out of and in Course of Employment—Witnesses.* In an action for compensation under the workmen's compensation act by the widow and sole dependent of a deceased workman the record is examined and it is held that the injury arose out of and in the course of the employment; and further *held,* in such an action that plaintiff is not, by virtue of R. S. 60-2804, or 60-2805, incompetent to testify to communications made to her by her husband.

Appeal from Wyandotte district court, division No. 3; William H. McCamish, judge. Opinion filed October 8, 1927. Affirmed.

*Oliver Q. Claflin,* of Kansas City, and *Russell Field,* of Kansas City, Mo., for the appellant.

*Arthur J. Mellott,* of Kansas City, *Charles M. Bush* and *Robert M. Murray,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action by the widow and sole dependent of a deceased workman under the workmen's compensation act. Plaintiff recovered, and defendant has appealed. The principal question argued is whether the injury which caused the death of the workman arose out of and in the course of his employment.

The evidence tends to show that the workman, John Byron McDonnell, was employed by defendant as an assistant yardmaster at its meat-packing plant. His duties were to transmit instructions coming into the yardmaster's office from the various departments of the plant to the switching crews of the two railroads serving the industry as to the placing of railway equipment for the loading and unloading of cars, and to keep a check and record of freight cars coming into and leaving the plant. His work ordinarily was at an office or station at what was known as the "north switch shanty," and he went on duty each day at 10 o'clock a. m. He owned a Ford sedan, which he used for his own pleasure and convenience, and which he used in going to his work. Many of the employees of de-

Master and Servant, 39 C. J. p. 276 n. 48. Workmen's Compensation Acts, — C. J. pp. 56 n. 26, 74 n. 81, 127 n. 94 new, 95, 133 n. 18; 28 R. C. L. 796 *et seq.* Pleading, 31 Cyc. p. 121 n. 93.

fendant used their automobiles in going to and from their work and were permitted by defendant to park the automobiles on defendant's premises, places for the parking of cars being designated or assigned by defendant in order that they might not be so parked as to interfere with the conduct of the business. McDonnell had been accustomed to park his car in a space often used by one Dolan, when Dolan's car was not occupying the space. On the day in question McDonnell drove his car to work, arriving at defendant's plant about 9:45. He found the space where he usually parked his car occupied by another car, not Dolan's. He reported this to his foreman and was told to find whose car it was and have it removed. He made some inquiry among other employees and was informed that the car belonged to a colored man named Webster, employed in defendant's ice-making department. He went to the third floor of the ice plant, where Webster was employed, and stopped to inquire for him of the first man he met. A Mr. Williams pointed out Webster to him, and he started to walk across the floor of the room to talk to Webster. He had taken only a few steps when he fell into a vat of hot water used by defendant to dip the cans of ice when they were pulled, in order to release the ice from the can. A cover was provided for this vat, but it was then out of repair and was not being used. McDonnell was so badly scalded that death resulted the next day from his injury.

In bringing her cause of action the plaintiff brought it in two counts—one stating a cause of action under the workmen's compensation act, and one at common law for wrongful death. At the close of the evidence the court held that the plaintiff had not made out a case under the cause of action at common law, and declined to submit that to the jury. Plaintiff, by cross appeal, has complained of this ruling. It was not erroneous. The injury was by accident. If it arose out of and in the course of the employment, plaintiff's sole remedy was under the compensation act. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193; *McRoberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247; *Frere v. Railway Co.*, 94 Kan. 57, 145 Pac. 864; *Smith v. Cement Co.*, 94 Kan. 501, 146 Pac. 1026; *Echord v. Rush*, 122 Kan. 260, 251 Pac. 1112.) If it did not occur by reason of the employment the relation of master and servant did not exist, and there would be no liability at common law. Plaintiff argues that McDonnell's position was that of an invitee; that having been di-

rected by his foreman to find who had parked the car at the place in question and have him remove it was equivalent to an invitation to go to the place where Webster was, hence he was in effect invited to go to that place. But any direction given by his foreman and relied upon by him cannot be said to be independent of the relation of master and servant.

Appellant contends that to introduce evidence as to both causes of action was to confuse the issues before the jury and necessarily to result in an unfair trial. When a plaintiff is in doubt as to what the evidence will be as to the theory on which he may recover it is proper for him to plead two or more causes of action, the recovery to be upon the one sustained by the evidence. (*McRoberts v. Zinc Co.,* supra; *Hutton v. Oil Co.,* 108 Kan. 197, 194 Pac. 925.) The jury was called to answer but one question; the instructions were limited to that question. Hence, the jury could not have been confused by reason of evidence having been introduced on the two causes of action.

It is argued that McDonnell was engaged in no work of his employer at the time he was injured. If he were not so engaged the plaintiff could not recover. (*Haas v. Light & Power Co.,* 109 Kan. 197, 198 Pac. 174.) But this is the question that was tried, and the finding is against defendant. It is argued that the automobile was McDonnell's private car, not needed or used in his employer's business, and that where he parked it was his private matter with which his employer was not concerned. As the case was tried, plaintiff's right to recover did not depend on whose car it was, nor where it was parked. The question submitted to the jury was whether McDonnell was directed by his foreman to go to the ice plant on a specific errand. The question whether he was directed to go, not the nature of the errand, was the important thing—assuming, of course, that the direction, request, or order of the foreman was one which the nature of his employment authorized him to give, and this is not seriously questioned here. The result is, the jury found that McDonnell was killed while on an errand on which his foreman had sent him. His injury, therefore, arose in the course of his employment. While the evidence on this question was conflicting, there was substantial evidence to support the jury's finding; it was approved by the trial court, and we cannot review it. We have examined the cases, *Industrial Commission v. Enyeart,* 256 Pac. 314 (Colo.); *Savage's*

*Case,* 153 N. E. 257 (Mass.), and *Board of Education v. Industrial Commission,* 321 Ill. 23, cited by appellant, and find them not in point.

A part of the material evidence in the case consisted of a dying declaration made by McDonnell to his wife, the plaintiff herein. In view of former decisions (*Thurston v. Fritz,* 91 Kan. 468, 138 Pac. 625; *Vassar v. Swift & Co.,* 106 Kan. 836, 189 Pac. 943; *Helm v. Railway Co.,* 109 Kan. 48, 196 Pac. 426), it is not seriously contended that the evidence was improperly admitted because it was a dying declaration. The contention is that plaintiff is an incompetent witness to testify to the dying declaration, under our statute (R. S. 60-2804). Plaintiff is not claiming anything from the estate of a deceased person, nor is she claiming directly or indirectly from him, within the meaning of that statute. A dependent, under the workmen's compensation act, has a separate and independent action against the employer. While it is true it arises out of a contract which the workman made with the employer—the terms of which contract are found in the statute (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784)—the dependent's right of action is separate and independent from that of the workman, and is not derived from him. (*Routh v. List & Weatherly Construction Co.,* 124 Kan. 222, 257 Pac. 721.)

It is argued, also, that plaintiff was an incompetent witness under R. S. 60-2805, the material portion of which reads:

"The following persons shall be incompetent to testify:  .  .  .  *Third.* Husband and wife, for or against each other, concerning any communication made by one to the other during the marriage, whether called while that relation subsisted or afterwards."

The plaintiff was not testifying "for or against" her husband. She was testifying for herself, in an independent cause of action which never accrued to her husband and which did not accrue to her until after her husband's death. The statute is not applicable.

The judgment of the court below is affirmed.