VERN COX v. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.—61 S. W. (2d) 962.

Court en Banc, June 10, 1933.

992

*Edward J. White, Thomas J. Cole, L. J. Bishop* and *D. C. Chastain* for appellant.

*Charles Stephens, C. E. Rumery, C. R. Stauffacher, J. S. Brierly* and *Rodgers & Buffington* for respondent; *Oscar S. Hill* of counsel.

FRANK, J.—Action by plaintiff, respondent here, to recover damages for alleged personal injuries. Plaintiff recovered judgment in the sum of $12,500 and defendant appealed.

Plaintiff was injured on January 17, 1927, at Concordia, Kansas. The petition is in two counts, both alleging the same state of facts with reference to the occurrences which caused the injury. The first count is based on the Kansas Statute, known as the Railroad Employers' Liability Act, and seeks a recovery because of the alleged negligence of defendant. The second count alleges that plaintiff and defendant were engaged in interstate commerce and seeks a recovery under the Federal Employers' Liability Act.

Defendant's answer to the first count of the petition (1) denies generally the allegations of said count, (2) pleads assumption of risk, (3) that plaintiff's own negligence was the sole cause of his injuries, and (4) that plaintiff's cause of action is governed by the Workmen's Compensation Law of the State of Kansas, which provides the only remedy by which plaintiff may acquire compensation for his alleged injuries.

The answer to the second count denies generally the allegations of

said count, then pleads assumption of risk and that plaintiff's own negligence was the sole cause of his injuries..

Plaintiff's reply (1) denies generally the allegations of defendant's answer, and (2) denies that the Workmen's Compensation Law of Kansas applies to plaintiff's cause of action, then affirmatively pleads a section of the Workmen's Compensation Act (Section 44-547, Revised Statutes of Kansas, 1923) which reads as follows:

"Nothing in this act shall be construed to amend or repeal Laws 1907, chapter 281, section 1, or Laws 1911, chapter 239, the same being 'An act relating to the liability of common carriers by railroads to their employees in certain cases, and repealing all acts and parts of acts so far as the same are in conflict herewith.' ".

Respondent raises some question as to the sufficiency of defendant's pleading and proof of the provisions of the Workmen's Compensation Law of the State of Kansas, but we need not give this question further consideration because it affirmatively appears from the record that the parties stipulated and agreed that the Workmen's Compensation Law of Kansas as set forth in the published volume of the Session Laws of 1917 should be considered as a part of the record in the case. In this situation, the entire act is before us.

It appears from plaintiff's petition that on January 17, 1927, he was in the employ of defendant railroad, and while in the line of his duty and in the course of his employment in the yards of defendant at Concordia, Kansas, he fell from the ladder of an engine, his left foot was caught under the drive wheel of the engine and was crushed to such an extent that it was necessary to amputate his leg at a point about eight inches below the knee.

Appellant contends that plaintiff's rights are governed by the Workmen's Compensation Act of the State of Kansas. If so, the judgment in this case under the Railroad Employers' Liability Act cannot be upheld.

The provisions of the Workmen's Compensation Law appear in Laws of Kansas 1917 beginning at page 301. Section 1 of said act provides, "That this act shall apply only to employment in the course of the employer's trade or business on, in or about a railway, factory, mine or quarry, . . ." Section 2 of the act provides, "In this act, unless the context otherwise requires: (a) 'Railway' includes street railways and interurbans; and 'employment on railways' includes work in depots, power houses, round houses, machine shops, yards, and upon the right of way, and in the operation of its engines, cars and trains. . . ." Section 23 of said act provides that every employer entitled to come within the provisions of the act, shall be presumed to have done so, unless such employer shall file with the Secretary of State at Topeka, Kansas, a written state-

ment that he elects not to accept thereunder. Section 24 of the act makes the same provision with reference to employees.

Respondent makes the contention that the Workmen's Compensation Act did not repeal the Railroad Employers' Liability Act, and that his case was properly brought under the latter act.

It is true that the Railroad Employers' Liability Act was not repealed by the Compensation Act, but it does not follow that plaintiff is entitled to maintain this action under that act, because it was not repealed. The evident purpose of the Legislature in not repealing that act was to preserve in force a law which would apply to and regulate the liability of all such railroads as elected not to accept the provisions of the Workmen's Compensation Act. But the specific reason why plaintiff is not entitled to maintain his alleged cause of action under the Railroad Employers' Liability Act is because the provisions of the Workmen's Compensation Act to which we have called attention placed both defendant railroad and plaintiff under the act until they or either of them elected not to accept thereunder. No such election having been made, both parties are under the Workmen's Compensation Act and that act furnishes the only remedy plaintiff has against his employer. The Supreme Court of the State of Kansas has so construed the act. In the case of Gimple v. Hines, Director General, 108 Kan. 118, 193 Pac. 1072, that court said:

"There can be no doubt the Director General had the power to say whether he would operate the Union Pacific Railroad property in Kansas under the provisions of the Kansas Compensation Act, with its limited and modest, but certain, allowances of compensation to his injured workmen, or whether he would take his chances under the old law, with its possibly larger judgment liabilities, but also with its often successfully invoked defenses of contributory negligence and assumption of risk. We say the Director General had power to choose; moreover, he was bound to choose. He was bound to conform to the state law. That law placed him under the Compensation Act unless he chose to operate the railroad property outside its provisions. . . . The state law, therefore, so far as practicable, was to remain the same. And the state law is that every employer of railroad workingmen, and each succeeding employer for himself independently (Umrine v. Railroad Co., 104 Kan. 236, 178 Pac. 614), shall be deemed to be operating his business under the act unless he takes affirmative action as prescribed by the statute to relieve himself of its responsibilities. Such is our view. The question is novel, but is merely the application of a Kansas statute; and we find nothing persuasive, helpful, scarcely analogous, in the cases to which our attention is called in the briefs of counsel."

Again in Echord v. Rush, 122 Kan. 260, 251 Pac. 1112, it 'is said:
"It has been determined that an injured employee has no other remedy against his employer than that given by the Workmen's Compensation Act where both have elected to accept its provisions. [Shade v. Cement Co., 92 Kan. 146, 139 Pac. 1193.] The Factory Act, however, is not repealed. It remains in full force, but it cannot be invoked by an employee to whom the benefits of the Workmen's Compensation Act are available, and who has actively or passively signified his acceptance of its benefits. The Workmen's Compensation Act clearly contemplates that compensation for injury to a workman shall be made under its provisions only where both employer and the employee have elected to be governed by it. This is implied by the option given to each to accept or reject it. . . ."

See, also, C. R. I. & P. Ry. Co. v. Fuller, 105 Kan. 608, 186 Pac. 127; Unrine v. Salina Northern Railroad Co., 104 Kan. 237, 178 Pac. 614. Other Kansas cases are in line with the ones here cited.

Respondent makes the contention that the Kansas cases above cited have been overruled by later Kansas cases which ignored the Workmen's Compensation Act and permitted injured employers to recover under the Railroad Liability Act. In support of this contention respondent cites King v. Atchison, Topeka & Santa Fe Ry. Co., 108 Kan. 373; Defenbaugh v. Union Pacific Ry. Co., 102 Kan. 569; and Fangmeier v. Missouri Pacific Ry. Co., 115 Kan. 496. In each of the cited cases, the plaintiff brought his suit under the Railroad Employers' Liability Act. The Workmen's Compensation Act was not invoked as a defense. The applicability of the Compensation Act was not raised, considered nor determined in either of these cases. In the State of Kansas, an employee's cause of action may or may not be governed by the Workmen's Compensation Act, depending upon whether or not either or both of the parties have elected not to accept the provisions of the act. Where, as in the cases cited by respondent, both parties voluntarily try a case under the Railroad Employers' Liability Act, thereby treating the case as though the parties had elected not to be governed by the Compensation Act, the courts will so treat it. The Supreme Court of Kansas so held in Frere v. Railway Co., 94 Kan. 57, 60. In that case the plaintiff brought his suit for damages under the act relating to mines, alleging that he was burned by an explosion of gas while working in defendant's mine. The petition was grounded on alleged negligence of defendant. Defendant's answer consisted of a general denial, a plea of assumption of risk, and an allegation that plaintiff's injuries, if any, were caused solely by his own carelessness and failure to comply with the orders and instructions of the mine foreman. The instruction submitted the case as an action under the statute for failure to comply with the provisions governing the operation of

mines. The jury returned a verdict in favor of plaintiff for $1410. On appeal defendant contended that plaintiff's petition did not allege that either party had elected not to accept the terms of the Compensation Act. In affirming the judgment, the Supreme Court of Kansas said:

"Finally, no objection was made to proceeding as if the action were one for damages under the act relating to mines. . . . No instruction was offered touching the compensation act; but both parties tried the issues as framed by the pleadings, and on that basis no error is apparent. It is too late now to invoke the provisions of the compensation act for the first time."

Respondent also relies on the case of Hurlburt, Administratrix of William Hurlburt, v. Bush, Receiver of the Missouri Pacific Railway Company, 284 Mo. 397, 224 S. W. 323. That case was brought under the Railroad Employers' Liability Act of the State of Kansas to recover for the death of William W. Hurlburt who was killed while operating an engine for the Missouri Pacific Railway Company in the State of Kansas. The defendant's answer, among other things, pleaded the Workmen's Compensation Act of the State of Kansas, in bar of plaintiff's right to recover under the Railroad Employers' Liability Act. The proof showed that neither of the parties had elected not to accept the provisions of the Workmen's Compensation Act. The trial resulted in a judgment in favor of plaintiff for $9,500. Division Two of this court affirmed that judgment, holding that the Workmen's Compensation Act did not repeal the Railroad Employers' Liability Act, and that plaintiff's case was properly brought under the latter act. While this decision supports respondent's contention, it not only does violence to the express provisions of the Workmen's Compensation Act, but it is in square conflict with the decisions of the Supreme Court of Kansas construing that act. This decision should be and is hereby overruled.

■ The plaintiff in the instant case was injured while working as an employee of defendant in its yard at Concordia, Kansas. His case is governed by the Laws of Kansas. By express provision of the Workmen's Compensation Act of the State of Kansas, that act is applicable to plaintiff's employment unless one or both parties had, prior to the injury, elected not to accept the provisions of the act. The Supreme Court of Kansas so holds. No such election having been shown, we hold that plaintiff's remedy, if any, is under the Workmen's Compensation Act of Kansas, unless he was engaged in interstate commerce as alleged in the second count of the petition. That question we will next determine.

■ Prior to the time in question, plaintiff was in the employ of defendant as a machinist. He had been promoted to the position of

hostler and roundhouse foreman at Concordia, Kansas. On the night of his injury he was going about over the yards with the retiring foreman for the purpose of acquainting himself with the duties of his new position. The engine from which he fell was being prepared for use the next morning to pull a passenger train from Concordia, Kansas, to Atchison, Kansas.

This train made regular runs between these two points within the State of Kansas. Sometimes it handled interstate business and sometimes it did not. It handled such business as was tendered to it whether interstate or intrastate. Plaintiff was injured on January 17, 1927, at about 8:30 o'clock P. M. It was not shown that this engine and train handled any interstate business on its last trip from Atchison to Concordia prior to plaintiff's injury. Neither was it shown that it transported any interstate passengers, freight or mail on its trip from Concordia to Atchison, immediately following plaintiff's injuries. Plaintiff did show that at other dates and times interstate passengers were carried on this train.

It is plaintiff's contention that the train in question was a regular instrumentality provided by defendant for the transportation of both interstate and intrastate passengers, express and mail, and for that reason the engine in question was an instrumentality of interstate commerce, although the defendant may have used different cars and engines, from time to time, in making up that train. Erie Railroad Co. v. Collins, 253 U. S. 77, 64 L. Ed. 791, is cited in support of this contention. The cited case does lend color to plaintiff's contention, but that case, as well as a later case following it, were both expressly overruled by the recent case of Chicago & Eastern Illinois Railroad Co. v. Industrial Commission of Illinois, 284 U. S. 296, 298.

The true test for determining whether an employee is engaged in interstate commerce is whether such employee, at the time of the injury, was engaged in interstate transportation or in work so closely related to it as to be practically a part of it. [Shanks v. Delaware, L. & W. Railroad Co., 239 U. S. 556, 558.] ██ There was no such direct relation to interstate transportation in plaintiff's work upon an engine that was not at the time, and might or might not be thereafter used in interstate transportation. The law applicable to this case is thus stated by the Supreme Court of the United States in Minneapolis and St. L. Ry. Co. v. Winters, 242 U. S. 253.

"An engine, as such, is not permanently devoted to any kind of traffic, and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might be interstate or confined to Iowa, as it should happen. At the

moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events.'' [See, also, Illinois Central Ry. Co. v. Peery, 242 U. S. 292; Martin v. St. L.-S. F. Ry. Co., 302 Mo. 506, 258 S. W. 1023; Jarvis v. C. B. & Q. Ry. Co., 327 Mo. 428, 37 S. W. (2d) 602.]

■ Where, as in this case, both parties are subject to the provisions of the Workmen's Compensation Act of the State of Kansas, plaintiff has no other remedy against defendant than that given to him by such Compensation Act. [Smith v. Cement Co., 94 Kan. 501, 146 Pac. 1026; Frere v. Railway Co., 94 Kan. 57, 59; Echord v. Rush, 122 Kan. 260, 251 Pac. 1112.] We therefore hold that plaintiff is not entitled to recover in this case under the Railroad Employers' Liability Act. This conclusion renders it unnecessary to determine other questions raised.

For the reasons stated, the judgment should be reversed. It is so ordered. All concur.

PER CURIAM:—The foregoing opinion by FRANK, J., is adopted as the opinion of the Court en Banc. All of the judges concur.