No. 47,470

Oscar A. Fritzson and Mabel E. Fritzson, *Appellants*, v. City of Mantattan, Kansas, *Appellee.*

(528 P. 2d 1193)

Opinion filed December 7, 1974.

Harlan W. Graham, of Sandell & Graham, of Manhattan, and Robert B. Wareheim, of McCullough, Wareheim & LaBunker, of Topeka, argued the cause for appellants.

Harold E. Doherty, of Topeka, argued the cause, and Charles D. Green, of Arthur, Green & Arthur, of Manhattan, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from an order granting defendant's motion for summary judgment.

Oscar A. Fritzson was employed by the Water Department of the city of Manhattan. On September 21, 1970, he was injured while in the course of his employment. The injuries resulted in a severance of Mr. Fritzon's spinal cord which has rendered him a paraplegic. Both Fritzson and the defendant, city of Manhattan, have stipulated they were subject to the provisions of the Kansas Workmen's Compensation Act. Pursuant to that Act, Fritzson was awarded $56 for 415 weeks, a total of $23,240, plus $10,400.01 for medical services incurred by him as a result of the injury.

Thereafter, plaintiffs, Oscar Fritzson and his wife, Mabel E. Fritzson, filed this action against the defendant. In the petition, plaintiffs sought to recover incurred medical expenses in the approximate amount of $15,000, and future medical expenses. Plaintiff Mabel Fritzson sought to recover damages for loss of her husband's consortium due to his injuries and other injuries suffered by her.

The district court found the Kansas Workmen's Compensation Act was the exclusive remedy of the plaintiffs' and plaintiff Mabel

Fritzson did not have a cause of action for the loss of her husband's consortium, nor a cause of action for her consequential injuries. The plaintiffs have appealed.

In *Hoffman v. Dautel,* 192 Kan. 406, 388 P. 2d 615, this court held a wife has no cause of action for damages for loss or impairment of consortium resulting from a direct injury to her husband because of the negligent acts of others. We are urged by plaintiffs to reconsider our holding in *Hoffman* in light of recent judicial decisions on the subject. (*Rodriguez v. Bethlehem Steel Corporation,* 115 Cal. Rptr. 765, 525 P. 2d 669, and cases cited therein.) Summarized, plaintiffs' appeal presents two questions for determination: 1) Is the rule prohibiting a wife from recovery for loss of consortium to continue as a judicially declared principle of Kansas tort law? and 2) If the rule is abrogated, does the exclusive remedy provision of the Kansas Workmen's Compensation Act, K. S. A. 44-501, *et seq.* bar a wife's recovery? Under the facts, as disclosed by the record on appeal, our decision on the second question will dispose of the case. Accordingly, we proceed on the assumption the wife has a right to recover for loss of her husband's consortium. In so doing, we intimate no evaluation whatever of our holding in *Hoffman,* nor do we decide the point, but leave it open for future consideration.

A majority of the courts have held a wife's action for loss of her husband's consortium is barred by the exclusive remedy provision of the applicable Workmen's Compensation Law. (2 Larson's, The Law of Workmen's Compensation, § 66.20; 101 C. J. S., Workmen's Compensation, § 980.) The states of Kentucky and New Hampshire have held the wife's right to recover is not barred by the state's Workmen's Compensation Law. The Kentucky decision, *Johnson v. Lohre,* 508 S. W. 2d 785 (1974), affords no precedent for this court in light of the fact that court relied upon a provision of the Kentucky Constitution which has no comparable counterpart in our state's Constitution.

In *LaBonte v. Nat'l Gypsum Co.,* 110 N. H. 314, 269 A. 2d 634, (1970), the defendant employer contended the husband's acceptance of workmen's compensation benefits barred the wife's right to recover for loss or impairment of consortium. By statute both husband and wife were entitled to recover damages for loss or impairment of the right of consortium whether caused intentionally or by negligent interference. The New Hampshire Workmen's Compensation Law provided:

"[A]n employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and to have waived *his* rights of action at common law to recover damages for personal injuries against his employer. . . ." (110 N. H. at p. 319, 269 A. 2d at p. 638.) (Emphasis supplied.)

Finding the wife's right to recover for loss of consortium a separate and distinct right from that of her husband, the New Hampshire Supreme Court held the waiver of the husband did not bar the wife's action. (Accord: *Archie v. Hampton,* 112 N. H. 13, 287 A. 2d 622 [1972].)

Mindful that the Workmen's Compensation Laws of other states are not applicable to this state unless the statutes are the same (*McCormick et al. v. Coal & Coke Co.,* 117 Kan. 686, 691, 232 Pac. 1071), we turn to the Kansas Workmen's Compensation Act. Our statute, K. S. A. 44-501 provides in part:

". . . Save as herein provided, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under this act: . . ."

It is well settled in this state that if a workman can recover benefits from an employer under the Workmen's Compensation Act for an injury, he cannot maintain a common-law action against his employer. (*Anderson v. Beardmore,* 210 Kan. 343, 502 P. 2d 799.) The appellant wife contends this rule does not bar her right to recover damages. Her rights, it is contended, are independent and distinct from those of her husband. Appellant argues that loss of consortium is not an injury for which compensation is recoverable under the Kansas Workmen's Compensation Law and she is not a party to the contract of employment.

This court first interpreted the exclusive remedy clause of the Workmen's Compensation Law in *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193. We held the Workmen's Compensation Act "leaves an employee in industries within its purview no other remedy than the one provided by the act. . . ." (Syl. ¶ 1.) (*McRoberts v. Zinc Co.* 93 Kan. 364, 144 Pac. 247; *Frere v. Railway Co.,* 94 Kan. 57, 145 Pac. 864; *Smith v. Cement Co.,* 94 Kan. 501, 146 Pac. 1026.)

In *Spade v. VanSickle,* 175 Kan. 557, 265 P. 2d 860, the mother of the deceased employee brought an action for the wrongful death of her son. The decedent was employed by Becker as a driver of an oil transport truck. While driving the oil transport he collided

with a truck owned and operated by VanSickle. VanSickle had been employed by Atkins to move a bulldozer from Topeka to Chase County, Kansas. The plaintiff mother sued the employer Becker, the driver of the other truck, VanSickle, and his employer, Atkins. Becker contended that an award of compensation had been paid under the Workmen's Compensation Law and that Act precluded recovery against him. On appeal we sustained that contention, and said:

". . . [T]he workman, or his privies, cannot maintain a common law action for damages for injuries received, or the death of the workman, who was working under the workmen's compensation act. The holdings of our court have been uniform on this question. There is no occasion or necessity to make any different rule in this case. . . ." (l. c. 563.)

We are of the opinion the exclusive remedy provision of the Workmen's Compensation Act (K. S. A. 44-501) bars an employee or his dependents from bringing a common-law action against the employer to recover damages resulting from injuries sustained by the employee in the course of his employment and for which compensation has been paid to such employee pursuant to the provisions of the Act.

The judgment is affirmed.

FONTRON and OWSLEY, JJ., dissent.