No. 47,193

STANLEY M. LINDSAY, Administrator of the Estate of John A. Lindsay, deceased, *Appellant* v. HANKAMER ASPHALT COMPANY, INC., *Appellee*.

(518 P. 2d 934)

Opinion filed January 26, 1974.

*Robert B. Wareheim*, of McCullough, Wareheim and LaBunker, of Topeka, argued the cause and was on the brief for appellant.

*J. D. Lysaught*, of Weeks, Thomas, Lysaught, Bingham & Johnston, Chartered, of Kansas City, argued the cause, and *Leonard O. Thomas* of the same firm, was with him on the brief for appellee.

*Per Curiam:* The appellee, as administrator, brought this action to recover damages for the injuries and wrongful death of John S. Lindsay. The remedial statute relevant to this appeal, K. S. A. 44-105, authorizes "recovery of all proper damages" by the injured person himself, or, in the event of death, by his personal representative. Recovery for wrongful death is governed by provisions of the wronful death statutes, K. S. A. 60-1901, *et seq.*, as amended.

In the court below a motion to dismiss plaintiff's claims was sustained on the ground the Kansas Workmen's Compensation Act (K. S. A. 44-501, *et seq.*, as amended), provided the exclusive remedy for accidental injuries arising out of and in the course of employment and hence barred recovery under provisions of K. S. A. 44-101 *et seq.*, referred to as the Factory Act.

The fact workmen's compensation was available to the deceased employee is established by the record. The only question presented is whether workmen's compensation is the exclusive remedy.

The extent to which the Workmen's Compensation Act provides the exclusive remedy for an employee's injuries, and supersedes other remedies, is determined by the language of the act itself. K. S. A. 1972 Supp. 44-501 provides in part:

". . . Save as herein provided, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under this act. . . ."

Appellant concedes that Section 44-501 standing alone would bar his claim under the Factory Act, but insists that in view of K. S. A. 44-502, the exclusiveness of workmen's compensation does not apply. That section reads:

"Nothing in this act shall affect the liability of the employer or employee to a *fine* or *penalty* under any other statute." (Emphasis supplied.)

Appellant contends the Factory Act imposes a penalty on employers who violate the act and thereby causes injury to employees. The argument does not appear to have been resolved in our decisions holding that relief under the Factory Act is not available where the Workmen's Compensation Act applies. See *Bell v. Hall Lithographing Co.,* 154 Kan. 660, 121 P. 2d 281. But the argument is not convincing. The remedy provided by 44-105 is in no sense a penalty.

The Factory Act grants the relief of "all proper damages," and that only. The fact that it has features of an employer's liability act which may exclude contributory negligence as a defense, for example, does not make it a penalty statute.

We need not belabor the opinion with speculation as to what statutory fines and penalties are contemplated by the Workmen's Compensation Act's exception (K. S. A. 44-502). It is clear the remedies available under the Factory Act are neither fines nor penalties.

Appellant suggests the fact that the Factory Act has not been repealed but has been permitted to stand in conjunction with the Workmen's Compensation Act, infers a legislative intent to consider that the Factory Act is a penalty statute and therefore not excluded by the Workman's Compensation Act. The argument is not sound.

The Factory Act is applicable whenever the claim is not compensable under workmen's compensation provisions, either by timely election not to come under the Act, or otherwise. The fact such cases may be relatively few is a legislative and not a judicial problem.

The judgment of the district court is affirmed.

FROMME, J., not participating.