J. D. Vɪᴄᴋ, *Appellee*, v. Lᴜᴄɪʟʟᴇ M. Moʀᴛᴏɴ, doing business as, Sʜᴀᴅʏʙʀᴏᴏᴋ Sᴛᴀʙʟᴇs, *Appellant*.

(238 P. 2d 467)

Opinion filed December 8, 1951.

*Daniel M. Moyer*, of Wichita, argued the cause, and *Dwight S. Wallace* and *Daniel C. Bachmann*, both of Wichita, were with him on the briefs for the appellant.

*I. H. Stearns, E. P. Villepigue* and *Leo R. Wetta*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Sᴍɪᴛʜ, J.: This was an action for personal injuries. The appeal is from an order overruling defendant's demurrer to one paragraph of plaintiff's reply.

The petition alleged that plaintiff was, on April 18, 1949, while employed by defendant in her business of raising and training saddle horses, injured by a mare owned by defendant. The petition alleged the business of defendant, the employment, the ownership of the mare, the injuries, and set out several acts of negligence on the part of defendant and that his injuries were directly and proximately caused by this negligence.

The answer of defendant was first a general denial. The answer then alleged a detailed statement, the gist of which was that the plaintiff was guilty of contributory negligence, which was the proximate cause of his injuries, and that plaintiff voluntarily entered the mare's stall, knowing about the propensities of mares with new foals to protect them, knew of the risk he was assuming, which was

an ordinary risk of a horse handler, and assumed the risk of being injured under the circumstances described.

In his reply the plaintiff denied generally and specifically the allegations in the answer, which tended to show that he was guilty of contributory negligence and had assumed that risk.

In the final paragraph of his reply the plaintiff alleged:

"For further reply to the Answer of the Defendant herein, the Plaintiff alleges that heretofore and on or about the 22nd day of August, 1947, the Defendant, Lucille M. Morton, filed with the Commissioner of Workmen's Compensation, State of Kansas, her election to come within the provisions of the Kansas Workmen's Compensation Law, a copy of which election is hereto attached, marked Exhibit 'A' and made a part hereof. That on or about the 17th day of September, 1948, the exact date to the Plaintiff unknown, the said Defendant, Lucille M. Morton, filed with the Commissioner of Workmen's Compensation, State of Kansas, her election not to come within the provisions of the Workmen's Compensation Laws of the State of Kansas, a copy of which election not to come within the provisions of said law being hereto attached, marked Exhibit 'B' and made a part hereof. That the said Defendant, having filed her election to come within the provisions of the Workmen's Compensation law and thereafter filing her election not to come within the provisions of said law, has abrogated the defense, if any she had, that the Plaintiff either expressly or impliedly assumed the risk of the hazard complained of and that the Plaintiff was guilty of contributory negligence as alleged in the Defendant's Answer herein, more in particular as provided by Section 44-544 of the General Statutes of the State of Kansas."

The election of defendant to come under the compensation act and the election not to come under it were attached to the reply as exhibits.

The defendant demurred to the above set-out paragraph of the reply on the ground that it did not state facts sufficient to deny defendant the defenses of assumption of risk and contributory negligence set forth in the answer; that it did not state facts sufficient to constitute a defense to the allegations of contributory negligence and assumption of risk contained in the answer and the paragraph was insufficient to state a legal defense of contributory negligence and assumption of risk.

This demurrer was overruled—hence this appeal.

The specifications of error set out the foregoing.

The allegations in the reply contained in this paragraph were as pleaded by plaintiff on account of G. S. 1949, 44-544. That section is part of the compensation act. It provides as follows:

"In any action to recover damages or a personal injury sustained within this state by an employee (entitled to come within the provisions of this act) while engaged in the line of his duty as such or for death resulting from per-

sonal injury so sustained, in which recovery is sought upon the ground of want of due care of the employer, or of any officer, agent or servant of the employer, where such employer is within the provisions hereof, it shall not be a defense to any employer (as herein in this act defined) who shall have elected, as hereinbefore provided, not to come within the provisions of this act: (*a*) That the employee either expressly or impliedly assumed the risk of the hazard complained of. (*b*) That the injury or death was caused in whole or in part by the want of due care of a fellow servant. (*c*) That such employee was guilty of contributory negligence."

The argument of defendant is that the above section applies only to employers who were under the act on account of the hazardous nature of their business and not to employers who voluntarily elected to come under the act and subsequently elected not to come under it. She points out the legislative history of the act and argues that such must have been the obvious intention of the legislature.

We shall first examine the pleadings with the idea of considering whether the order from which the appeal was taken was appealable. The answer pleaded some facts which defendant claimed set up a defense to the cause of action pleaded in the petition because they showed plaintiff was precluded from recovery on account of his contributory negligence and assumption of risk. Defendant claimed a certain legal conclusion should be drawn which if proven would defeat plaintiff's right to recover.

G. S. 1949, 60-717, provides that when the answer contains new matter, the plaintiff may reply to it, denying it generally or specifically and he may allege any new matter not inconsistent with the petition containing a defense to such new matter, or he may demur to one or more of the defenses set up in the answer. G. S. 1949, 60-718, provides that the defendant, if the reply to any defense set up in the answer be insufficient, may demur to it. The defendant contended that G. S. 1949, 44-544, was not sufficient to deprive her of the defenses of contributory negligence and assumption of risk under the facts pleaded. In overruling her demurrer to the paragraph of the reply that set up this section, the court deprived her of these two defenses. The result is it was an appealable order.

This argument sends us to an examination of our statutes with reference to elections under the workmen's compensation act. In the first place, workmen were dependent on a common-law remedy for damages when injured while employed. This was not deemed satisfactory, especially in hazardous occupations. The result was

the enactment in our state in 1911 of chapter 218 of the session laws of that year. It was our first workmen's compensation act. It applied to certain designated hazardous occupations and to employers who employed fifteen or more workmen. In this connection the act provided that employers with less than fifteen workmen could elect to come within its provisions. The act further provided that any employee might elect not to come under the act by filing a written notice with his employer. These were the only provisions in it with reference to elections.

Section 47 of the act provided that where an employee entitled to come under the act had commenced a common law action against an employer who had elected to come under the act on the ground of want of due care on the part of the employer where the employee had elected not to come under the act, the defenses of assumption of risk, the fellow servant rule and contributory negligence were available to the employer.

In construing that section we held that where a workman had elected not to accept the benefits of the act, and the employer had elected not to come under it, the employer could not claim the benefits of the act and a judgment under the factory act was good. (See *Smith v. Cement Co.*, 94 Kan. 501, 146 Pac. 1026.) All this is interesting from a historical standpoint. It shows the theory of the act was that common-law defenses were denied an employer who would have been under the act except for his election not to come under it.

In 1927 an entire new workmen's compensation act was enacted. (See chapter 232 of the Laws of Kansas for 1927.) Sections 50, 51, 52 and 53 of that chapter provided as follows:

"Every employer entitled to come within the provisions of this act, as defined and provided by this act, shall be presumed to have done so, except such employers privileged to elect to come within the provisions of this act, as hereinbefore provided, unless such employer shall file with the commission a written statement that he elects not to accept hereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the commission. Notice of such election shall forthwith be posted by such employer in conspicuous places in and about his place of business.

"Every employee entitled to come within the provisions of this act shall be presumed to have done so unless such employee shall file with the commission, before injury, a written declaration that he elects not to accept hereunder and at the same time file a duplicate of said election with the employer, which said election shall be valid only during his term of employment with said employer, and thereafter any such employee desiring to change his election shall only

do so by filing a written declaration thereof with the commission, and a duplicate of same with his employer. Any contract wherein an employer requires of an employee as a condition of employment that he shall elect not to come within the provisions of this act shall be void.

"In any action to recover damages for a personal injury sustained within this state by an employee (entitled to come within the provisions of this act) while engaged in the line of his duty as such or for death resulting from personal injury so sustained, in which recovery is sought upon the ground of want of due care of the employer, or of any officer, agent or servant of the employer, where such employer is within the provisions hereof, it shall not be a defense to any employer (as herein in this act defined) who shall have elected, as hereinbefore provided, not to come within the provisions of this act: (a) That the employee either expressly or impliedly assumed the risk of the hazard complained of. (b) That the injury or death was caused in whole or in part by the want of due care of a fellow servant. (c) That such employee was guilty of contributory negligence.

"In an action to recover damages for personal injury sustained by an employee (entitled to come within the provisions of this act) while engaged in the line of his duty as such, or for death resulting from personal injury so sustained in which recovery is sought upon the ground of want of due care of the employer or of any officer, agent or servant of the employer and where such employer at the time of the accident is operating under the provisions of this act and has not filed his election not to accept hereunder, it shall be a defense for such employer in all cases where said employee has elected not to come within the provisions of this act: (a) That the employee either expressly or impliedly assumed the risk of the hazard complained of; (b) That the injury or death was caused in whole or in part by the want of due care of a fellow servant; (c) That said employee was guilty of contributory negligence: Provided, however, that none of these defences shall be available where the injury was caused by the willful negligence of such employer, or of any managing officer, or of managing agent of said employer."

Section 50 is now G. S. 1949, 44-542. It clearly means that any employer, the hazardous nature of whose business put him under the act, was under it unless he elected not to come under it, and having once elected not to come under it he might change that election by filing written notice with the commissioner of workmen's compensation. This section is drawn on the idea that the act was beneficial to the employer as well as the employee.

Section 51 is now G. S. 1949, 44-543. It by its terms clearly provided that an employee in a hazardous occupation had the benefits of the act unless he filed a written election not to accept such benefits.

Section 52 is now G. S. 1949, 44-544. That is the section upon which the plaintiff depends in this action to deprive the defendant of the defense of contributory negligence and assumption of risk.

Its first clause refers to an action to recover damages for personal injury brought by an employee "entitled to come under the provisions of this act." Undoubtedly those words mean an employee who has not elected not to come under it and who would have been under it on account of the hazardous nature of the employer's business. Otherwise the words quoted above would be meaningless.

The next clause refers to the ground of the action being want of due care of the employer. These merely describe a common law action. The provision that in such a case where such employer is within the provisions of the act and should have elected not to come under the provisions of the act refers to G. S. 1949, 44-542, because that is the only section in the act which does give an employer the right not to come under it.

The section then takes away from such an employer the defense of assumption of risk, the fellow servant rule and contributory negligence.

This conclusion is fortified by the provisions of chapter 232, section 51, of Laws of 1927 now G. S. 1949, 44-545, because that section provides that where an action for personal injuries is brought by an employee on account of want of due care of the employer and the employee under the act elected not to come under it, these defenses are available to the employer. This conclusion is also fortified by G. S. 1949, 44-505. That section provides what occupations are under the act. It first names certain occupations, the nature of which is such as to cause the legislature to declare them especially hazardous.

The next provision in the section exempted agricultural pursuits. So far the act of 1927 is not a great deal different from that of 1911.

The section as enacted in 1927 then provided that employers whose business was not such as described in the preceding provisions, that is, "hazardous," might elect to come under the provisions of the act by filing a written statement of election to accept these provisions, and further provided that such election should continue in effect until the employer should elect to not come within the provisions, as provided by section 51 of the act, which has already been referred to in this opinion.

This was a step ahead on the part of the legislature in the field of workmen's compensation in that it made the benefits of the compensation act available to many occupations, to which they would not have been available before this enactment. Apparently

industry and labor were both beginning to realize there were benefits to be had for both employer and employee from permitting the employer to provide his workmen with an efficient and quick means of compensating them for injury.

The act was also amended in 1935. (See chapter 202 of the Session Laws for that year.)

That enabled the state highway commission and the quasi public corporations of the state, such as counties, cities, school districts and drainage districts to give their employees the benefit of the act if they should elect to do so.

All this leads us to the conclusion that G. S. 1949, 44-544, which takes away from an employer the common law defenses where he has elected not to come under the act, applies only to such employers as were under the act by the operation of law on account of the hazardous nature of their employment. To hold otherwise would tend to discourage employers in nonhazardous occupations from giving their employees the benefit of the act. The entire history of the act is such as to convince us the legislature wished to encourage employers to come under the act rather than to discourage them.

It follows the reply of the plaintiff, which set up this section in opposition to the matter alleged in the defendant's answer setting up the defense of assumption of risk and contributory negligence was not good and defendant's demurrer to this paragraph of the reply should have been sustained. The result of the action is pending. The plaintiff stated a cause of action and pleaded a general denial and stated the defense of assumption of risk and contributory negligence. The plaintiff having denied this new matter relied upon by the defendant, the action should be tried on those issues.

The judgment of the trial court is reversed with directions to proceed with the cause of the action without reference to the provisions of G. S. 1949, 44-544.