Marcario CHAVEZ, Plaintiff-Appellant,

v.

KENNECOTT COPPER CORPORATION, Defendant-Appellee.

No. 75–1987.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 18, 1976.

Decided Jan. 11, 1977.

Anthony F. Avallone, Las Cruces, N. M., for plaintiff-appellant.

Kenneth R. Brandt of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M. (Peter G. Prina of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for defendant-appellee.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON,* Senior District Judge.

CHILSON, District Judge.

This diversity action was brought by the appellant-plaintiff seeking to recover damages from his former employer, the appellee-defendant, on the grounds that the defendant had acted in bad faith in denying a claim which the plaintiff had made for Workmen's Compensation benefits under the New Mexico Workmen's Compensation Act. (N.M.S.A. § 59–10–1 et seq.)

Pertinent to a consideration of this appeal is the procedure provided by the Act for the prosecution of a claim for benefits thereunder.

By the Act, the plaintiff is required to give notice in writing to his employer of the accident and the injury (59–10–13.4); if the employer fails or refuses to pay compensation after such notice, it is the duty of the employee to file a claim therefor in the state district court (59–10–13.6); the Clerk of the Court then serves the claim and a summons upon the employer by mail and the employer has thirty days from the date of the mailing in which to file an answer in defense of the claim (59–10–13.7); when the claim is at issue, the judge shall advance the case on the court's calendar and dispose of the case as promptly as possible and the trial shall be conducted in a summary manner. (59–10–13.10).

The Act also provides that in all cases of court-approved settlements, the court shall award a reasonable fee to claimant's attorney to be taxed as a part of the costs of the proceeding against the employer. (59–10–23).

It is admitted that the plaintiff gave notice of his claim; that the employer refused to pay the claim after receiving such notice; that plaintiff then filed his claim in the state district court in Grant County, New Mexico; that thereafter a stipulation for judgment in favor of the plaintiff and against the defendant was executed by the parties and plaintiff's attorney; that pursuant to said stipulation, judgment was entered in favor of the plaintiff and against the defendant on October 26, 1973, awarding to the plaintiff the sum of $17,000 and to plaintiff's attorney the sum of $3,000 and that the plaintiff and his attorney executed a "Receipt and Satisfaction of Judgment." The receipt and satisfaction of judgment, in addition to releasing the defendant from "any and all claims, damages, actions, or causes of action arising out of his employment with the defendant _ _ _" and releasing the defendant from all claims under the Workmen's Compensation Act, also states:

> "Plaintiff further acknowledges that, as set forth in the stipulation and judgment herein, it is understood that plaintiff has terminated his employment with defendant and plaintiff *waives* any claim for future employment rights with defendant or *any other claims against defendant* except such rights as he is now entitled to by way of fringe benefits as set forth in Paragraph 2 of the stipulation for judgment on file herein, and except the rights reserved to him in the final paragraph of the stipulation for judgment _ _ _."
(Emphasis supplied.)

On July 14, 1975, this action was instituted.

Although the plaintiff admits the facts set forth above, he alleges that the defendant's denial of the plaintiff's claim for compensation was made in bad faith; that the denial forced plaintiff to institute an action in the New Mexico District Court, thereby

* Chilson, J., of the District of Colorado, sitting by designation.

delaying payment of compensation. He seeks damages for the alleged bad faith denial.

The trial court granted defendant's motion for summary judgment and entered judgment of dismissal. By this appeal, plaintiff seeks a reversal.

Plaintiff asserts that the defendant's alleged bad faith denial of plaintiff's claim for compensation was tortious conduct which delayed payment of compensation, and constitutes a basis for a cause of action by plaintiff against the defendant for deceit, bad faith, and intentional infliction of emotional distress. The plaintiff contends that these claims are separate and distinct from the plaintiff's claim for workmen's compensation benefits, and consequently, the award by the state court of compensation benefits to the plaintiff is not a bar to this action.

■ This is a diversity case and the plaintiff's contentions are therefore to be judged by the law of New Mexico. We start with the proposition that the trial court's view of New Mexico law will not be disturbed unless clearly erroneous. *Kinnison v. Houghton,* 432 F.2d 1274, 1277 (10th Cir.); *Manville v. Borg-Warner Corp.,* 418 F.2d 434 (10th Cir.); *Parsons v. Amerada Hess Corp.,* 422 F.2d 610 (10th Cir.).

■ The trial court in its opinion granting the motion for summary judgment held:

"The remedy under the New Mexico Workmen's Compensation Act is exclusive. Section 59–10–6 N.M.S.A. 1953 Comp. As to any injuries sustained and any dispute over payment therefor, that was resolved by the action in Grant County and the settlement thereof. The plaintiff does not attempt to set aside that judgment, nor does he tender back the payment made in settlement of the case.

"The plaintiff relies on *State Farm General Insurance Company v. Clifton,* 86 N.M. 757, 527 P.2d 798 (1974) for the proposition that an insured can sue the insurer for the tort of bad faith delay in making payment of an insurance claim, and compares Kennecott as a self-insurer

under the Workmen's Compensation Act to an insurance company. However, the plaintiff's claim there was made in the very action where the insurer interpleaded the insurance proceeds, thus allowing resolution of all issues at one time. In the instant case the plaintiff now attempts to bring this federal court action two years later for a claim of bad faith delay arising out of the very dispute which was compromised and settled and the proceeds of which have been retained by the plaintiff. If such a procedure is to be permitted, the New Mexico courts should first approve such a novel approach.

"Further, the receipt and satisfaction of judgment in the Grant County case stipulated that it was in satisfaction of 'any other claims against defendant.' While the only action which had been pending was the workmen's compensation action, this broad satisfaction executed as a part of a compromise settlement does arise to an accord and satisfaction and bars the present action by the plaintiff.

"The motion of the defendant for summary judgment is well taken and is granted."

The trial court's view of the law is not clearly erroneous.

Plaintiff's contention that the tort claims asserted in this action are separate and apart from the plaintiff's claims for compensation under the Workmen's Compensation Act is without merit.

The Act clearly contemplates that an employer may deny a workman's claim for compensation benefits, but if he does, the Act provides the workman with a remedy. The remedy is the same whether the denial is made in good faith or bad faith. In either case, the Act gives the workman the right to file his claim with the state district court and have the court adjudicate it. By the terms of the Act, this is the exclusive remedy for the denial of a claim for compensation. (59–10–6).

The trial court's judgment of dismissal is hereby affirmed.