**Roberto F. ESCOBEDO, Plaintiff-Appellant,**

v.

**AMERICAN EMPLOYERS INSURANCE CO., Defendant-Appellee.**

No. 76–1107.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 18, 1976.

Decided Jan. 11, 1977.

Anthony F. Avallone, Las Cruces, N. M., for plaintiff-appellant.

William W. Bivins of Bivins, Weinbrenner & Regan, Las Cruces, N. M. (Grambling, Mounce, Deffebach, Simms, Hardie & Galatzan, El Paso, Tex., on the brief), for defendant-appellee.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON,* Senior United States District Judge.

CHILSON, District Judge.

This is a diversity action brought by the appellant-plaintiff seeking to recover damages from the appellee-defendant on allegations that the defendants acted in bad faith in terminating the payment of installments of compensation to which the plaintiff claims he was entitled under the New Mexico Workmen's Compensation Act (N.M.S.A. § 59–10–1 et seq.).

The plaintiff's complaint in pertinent parts alleges that plaintiff was an employee of Agricultural Products Co., Inc.; that defendant Insurance Company had insured the employer's obligation to pay compensation benefits to injured employees as required by the New Mexico Workmen's Compensation Act; that in December 1970, plaintiff was injured in the course of his employment; that defendant commenced payment of compensation benefits in installments as required by the Act, but after about seven months, failed and refused to make further payments; that the defendant's termination of the payment of installment benefits was made in bad faith; that the resulting delays and harassment by protracted legal proceedings caused the plaintiff to compromise his claim for compensation benefits for an unreasonable amount.

The Workmen's Compensation Act provides that if the employer fails or refuses to pay a workman any installment of compensation to which the workman is entitled, it is the duty of the workman to file a claim therefor in the state district court (59–10–13.6); the Clerk of the Court then serves the claim and a summons upon the defend-

---

* Chilson, J., of the District of Colorado, sitting by designation.

ants by mail and the defendants have thirty days from the date of the mailing in which to file an answer in defense of the claim. (59–10–13.7); when the claim is at issue, the judge shall advance the case on the court's calendar and dispose of the case as promptly as possible and the trial shall be conducted in a summary manner. (59–10–13.10).

When defendants terminated the installment payments of benefits, plaintiff followed this procedure and filed his claim in the District Court of Dona Ana County, New Mexico. After lengthy negotiations, a settlement was reached and upon a stipulation and joint motion of the parties, a judgment was entered by the state court in favor of the plaintiff and against defendants in the amount of $13,500 plus $750 for plaintiff's attorneys fees. The stipulation for judgment, which was approved by the state court, contained a release of plaintiff's compensation claims and a release "of any and all other liability whatsoever kind and nature which has either been or could be made as involving or arising out of this proceeding, with the contemplation that any and all claims and proceedings be foreclosed and considered completely resolved and finalized _ _ _ ."

The judgment was entered January 15, 1975, and the complaint in this case was filed August 4, 1975. The instant action is based on plaintiff's theory that the alleged bad faith of defendant in terminating the installment payments of compensation created a cause of action separate and apart from the claim for compensation benefits which were settled in the state court proceeding and that the state court's disposition of plaintiff's claim for compensation benefits is not a bar to this action.

The trial court granted defendant's motion for summary judgment of dismissal stating that he was doing so for the same reasons which it set forth in its recent opinion in *Chavez v. Kennecott,* Civil Action 75–403 in U. S. District Court for the District of New Mexico.

We have held in reviewing the *Chavez* case that the trial court's view of the law as set forth therein is not clearly·erroneous and that his dismissal of that action should be affirmed. We there held:

"Plaintiff's contention that the tort claims asserted in this action are separate and apart from the plaintiff's claims for compensation under the Workmen's Compensation·Act is without merit.

"The Act clearly contemplates that an employer may deny a workman's claim for compensation benefits, but if he does, the Act provides the workman with a remedy. The remedy is the same whether the denial is made in good faith or bad faith. In either case, the Act gives the workman the right to file his claim with the state district court and have the court adjudicate it. By the terms of the Act, this is the exclusive remedy for the denial of a claim for compensation. (59–10–6)."

*Chavez v. Kennecott Copper Corporation,* 547 F.2d 541, 10 Cir.

The trial court's summary judgment of dismissal is affirmed.