No. 51,947

RAY R. YOCUM, *Plaintiff*, v. PHILLIPS PETROLEUM COMPANY, *Defendant.*

(612 P.2d 649)

Opinion filed June 14, 1980.

*Lynn R. Johnson*, of Schnider, Shamberg, and May, Chartered, of Kansas City, argued the cause, and *Mark A. Johnson*, of the same firm, was with him on the brief for the plaintiff.

*Bill E. Fabian*, of McAnany, Van Cleave, and Phillips, P.A., of Kansas City, argued the cause, and *J. Nick Badgerow*, of the same firm, was with him on the brief for the defendant.

The opinion of the court was delivered by

PRAGER, J.: This case was originally filed in the United States District Court for the District of Kansas and comes to this court on certification from that court under authority of the Uniform Certification of Questions of Law Act (K.S.A. 1979 Supp. 60-3201 *et seq.*). This action was filed following a settlement agreement in a workmen's compensation proceeding. Plaintiff, Ray R. Yocum, fractured his left hip on October 16, 1974, in an accident that arose out of and in the course of his employment with defendant, Phillips Petroleum Company. Plaintiff's injury was treated by Robert M. Drisko, M.D., who was acting as an agent of the defendant. Pursuant to the workmen's compensation act, a claim was filed by the plaintiff against Phillips Petroleum Company, as employer and self-insurer.

Plaintiff was not represented by legal counsel on his claim, but

did receive advice and guidance on this matter from the defendant. On September 20, 1976, plaintiff and defendant entered into a settlement agreement, final receipt, and release of liability for plaintiff's compensation claim. This agreement was based on the assumption that plaintiff had a scheduled injury under K.S.A. 1974 Supp. 44-510d and provided for a 15% permanent partial disability rating for loss of use of the left leg in accordance with Dr. Drisko's final report. This rating provided workmen's compensation to plaintiff in the amount of $2,258.42. According to plaintiff, his injury qualified him to be classified as having a general bodily disability which would have entitled plaintiff to compensation for permanent partial disability in the sum of $16,989.06. In his complaint, plaintiff alleged that he was fraudulently induced to enter into the settlement agreement as a result of his reliance on misrepresentations concerning his disability rating made by defendant through its agents and employees. Plaintiff sought actual and punitive damages for defendant's fraudulent misconduct. Plaintiff prayed for actual damages in the amount of $214,730.04 plus interest and punitive damages in the amount of $1,000,000. For the purpose of determining the question of law certified to this court, we will assume that the facts and allegations set forth in plaintiff's complaint are true. We will further assume that the remedy afforded plaintiff under K.S.A. 1978 Supp. 44-528 to have the settlement agreement and release set aside for fraud is available to plaintiff.

Defendant Phillips moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the proposition that plaintiff was provided with a remedy for his cause of action through the provisions of K.S.A. 1978 Supp. 44-528 which declared, in substance, that an award may be modified by the workers' compensation director where it has been obtained by fraud, and that this statute provided plaintiff an exclusive remedy under the Kansas Workmen's Compensation Act, thus barring a common-law action to recover damages for the fraud. Counsel submitted briefs on the motion to dismiss and, on March 21, 1979, the Honorable Earl E. O'Connor granted the motion and dismissed the action. Judge O'Connor ruled that 44-528 provided the exclusive remedy for attacking a compensation award on the basis of fraud. Plaintiff then filed a motion for reconsideration. After the hearing, Judge O'Connor again sus-

tained the motion to dismiss but allowed time for the plaintiff to consider either appealing to the Tenth Circuit, United States Court of Appeals, or certifying the question to the Kansas Supreme Court. Plaintiff selected the latter alternative and that election has brought the parties before this court.

The question of law certified for our determination is this: Under the stipulated factual circumstances set forth above, does K.S.A. 1978 Supp. 44-528 provide the exclusive remedy available to plaintiff, so as to bar him from proceeding against his employer in a common-law action for fraud? Before considering the contentions of counsel, we should first review the applicable provisions of the Kansas Workmen's Compensation Act. K.S.A. 1978 Supp. 44-501 provided in part as follows:

"**44-501. The obligation; burden of proof; defenses.** If in any employment to which the workmen's compensation act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his or her employer shall be liable to pay compensation to the workman in accordance with the provisions of the workmen's compensation act. . . . *Except as provided in the workmen's compensation act, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder . . . .*" (Emphasis supplied.)

### K.S.A. 1978 Supp. 44-528 provided in part as follows:

"**44-528. Review, modification, reinstatement or cancellation of awards.** (*a*) *Any award* or modification thereof agreed upon by the parties, whether said award provides for compensation into the future or whether it does not, *may be reviewed by the director for good cause shown upon the application of the workman,* employer, dependent, insurance carrier or any other interested party. . . . *The director shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud* or undue influence . . . *the director may modify such award,* or reinstate a prior award, *upon such terms as may be just* by increasing or diminishing the compensation subject to the limitations provided in the workmen's compensation act." (Emphasis supplied.)

Plaintiff contends that the above statutes are not applicable to bar his common-law action for fraud, because the injury suffered by plaintiff is not a compensable injury under the workmen's compensation act. In support of this contention, the plaintiff maintains that the defendant's fraud did not "arise out of and in the course of employment," and was *intentional* rather than accidental, as required by 44-501. Plaintiff argues that the injury was not a secondary injury, since it was not a natural consequence flowing from the first injury. Plaintiff further argues that 44-528 does not bar his action, because it does not *specifically* purport to

limit a worker's common-law right to recover for fraud. Plaintiff emphasizes that he is not seeking to recover only the difference between the amount of compensation which he should have received under the proper classification and the amount which he did receive as the result of defendant's fraud. Rather, plaintiff seeks damages for the fraud which include other elements of actual damages and punitive damages in addition to the amount of workmen's compensation which he lost.

Before considering the specific question presented, it would be helpful to review prior Kansas case law on the subject of the exclusivity of remedy under the workmen's compensation act and the applicability of the provision for award modification because of fraud, as provided by 44-528. In *Duncan v. Perry Packing Co.,* 162 Kan. 79, 174 P.2d 78 (1946), this court reviewed the purpose and origin of workmen's compensation statutes, stating as follows:

"These acts are largely the outgrowth of modern industrial life. They give recognition to a broad social obligation, in furtherance of sound public policy. The public has come to realize that in many cases an injured employee engaged in a hazardous employment will be unable to establish actionable negligence on the part of the employer, but that it is unjust to deny relief to the employee on that account. For this and similar reasons, workmen's compensation acts have shifted from the employee to the industry and indirectly to the general public certain burdens incidental to modern industrial operations (71 C.J. 242-249). Compensation is thus provided for injuries by accident arising out of and in the course of the employment, regardless of any showing of negligence on the part of the employer. On the other hand, the amount of compensation so provided is in many cases substantially less than might be secured by the injured employee in a common-law action, where the employer's negligence is established. There is thus a sort of balancing of benefits in the common interest. Some employees may receive less compensation for injuries received than they would have been able to recover in a common-law action, while many other employees will receive benefits which they otherwise would not be able to receive because of the inability to establish the employer's negligence." (p. 84.)

Other designated purposes of the workmen's compensation act include placing the burden of accidental injuries in employment upon the industries themselves, rather than upon the individual employer (*Green v. Burch,* 164 Kan. 348, 355-56, 189 P.2d 892 [1948]) and to provide a simple and efficient means of providing compensation to the injured worker while avoiding litigation. *Souden v. Rine Drilling Co.,* 150 Kan. 239, 241, 92 P.2d 74 (1939); *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203, 285 Pac. 595 (1930). The act is to be liberally construed to effectuate its purpose. *Ours*

*v. Lackey,* 213 Kan. 72, 79, 515 P.2d 1071 (1973); *Craig v. Electrolux Corporation,* 212 Kan. 75, 76-77, 510 P.2d 138 (1973); and *Green v. Burch,* 164 Kan. at 356.

The workmen's compensation law has also been held to be contractual in nature, rather than establishing tort liability, with the terms and provisions of the statute being incorporated into the employment contract. *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 91, 439 P.2d 146 (1968); *Carter v. State Department of Social Welfare,* 184 Kan. 825, 828, 339 P.2d 5 (1959); *Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273, Syl. ¶ 1, 65 P.2d 284 (1937); *Chappell v. Morris & Co.,* 118 Kan. 210, 212, 235 Pac. 117 (1925); *Moeser v. Shunk,* 116 Kan. 247, 251, 226 Pac. 784 (1924). The employee, as well as the employer, is bound by the rules and procedures set forth in the act, *Wilbum v. Boeing Airplane Co.,* 188 Kan. 722, 729, 366 P.2d 246 (1961); *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203; and *Chappell v. Morris & Co.,* 118 Kan. 210.

Once it is determined that the employment relationship is covered by the workmen's compensation act, the rights and liabilities of the parties are determined thereunder. *Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273. The act is considered to be substitutional rather than cumulative and supplemental, and, therefore, provides the exclusive remedy for the injured worker. *McRoberts v. Zinc Co.,* 93 Kan. 364, 367, 144 Pac. 247 (1914). In *Duncan v. Perry Packing Co.,* 162 Kan. at 85, this court discussed the issue of exclusivity and noted:

"Our workmen's compensation act (G.S. 1935, 44-501 to 44-565, ch. 44, art. 5, as amended) thus establishes a broad system covering all injuries by accident within its purview. And the act specifically provides that 'save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act' (G.S. 1935, 44-501). Consonant with this specific provision and in harmony with the whole purpose and tenor of the act, we have repeatedly held that 'workmen's compensation act establishes its own procedure and furnishes a remedy which is substantial, complete and exclusive, from the inception of the claim to final judgment thereon' [citations omitted]."

It is well settled that the workmen's compensation act provides the only remedy for injuries which are encompassed within its scope. *Bitnoff v. Southwest Rendering,* 223 Kan. 334, 336, 573 P.2d 1033 (1978); *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, Syl. ¶¶ 1, 2, 545 P.2d 317 (1976); *Fritzson v. City of Manhattan,* 215 Kan. 810, 812, 528 P.2d 1193 (1974); *Wilbum v.*

*Boeing Airplane Co.,* 188 Kan. at 729; *Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 362, 356 P.2d 869 (1960); *Gray v. Hercules Powder Co.,* 160 Kan. 767, 165 P.2d 447 (1946); *Jennings v. Kansas Power & Light Co.,* 152 Kan. 469, 105 P.2d 882 (1940); *Murphy v. Continental Casualty Co.,* 134 Kan. 455, 459, 7 P.2d 84 (1932); *Walker v. Kansas Gasoline Co.,* 130 Kan. 576, 578, 287 Pac. 235 (1930); *Echord v. Rush,* 124 Kan. 521, 523, 261 Pac. 820 (1927); *Shade v. Cement Co.,* 92 Kan. 146, 148, 139 Pac. 1193, *aff'd* 93 Kan. 257, 144 Pac. 249 (1914). The logical extension of this rule is that where a remedy exists under the statute, the injured worker no longer has the right to bring a common-law cause of action. Older Kansas cases support this proposition.

*Murphy v. Continental Casualty Co.,* 134 Kan. 455, involved an action by an injured workman against his employer's insurance company based on a settlement entered into between the parties. Plaintiff was treated by defendant's physician for the loss of one eye and injury to the other. Plaintiff received compensation for the loss of one eye, but failed to timely file a claim for benefits for the injury to the other eye. Plaintiff claimed that the physician and defendant fraudulently concealed the extent of the injury to the remaining eye, and brought a common-law action based on fraud to recover compensation under the workmen's compensation act, and actual and punitive damages for the fraudulent concealment. This court held that defendant's demurrer to plaintiff's petition was properly sustained, holding that where a workman seeks to recover for injuries compensable under the act, the procedure specified in the act must be complied with. As to the damages for fraudulent concealment, the court held that, as the act provided a procedure for setting aside the final receipt where the signing was induced by fraud, plaintiff could not maintain a common-law action for damages in fraud. Accord, *Austin v. Phillips Petroleum Co.,* 138 Kan. 258, 25 P.2d 581 (1933) ("the award of the compensation commissioner, if not appealed from, is an adjudication of the rights and liabilities of the parties, and is open to review and modification or to be set aside only in the manner provided by the compensation act." p. 260).

In *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P.2d 456 (1940), the court disallowed a workmen's compensation carrier from maintaining an independent action in the district court to cancel the policy allegedly obtained through

fraud. The *Matlock* court held that the proper remedy was through the procedures set forth in the act, and that the provisions of the act indicated the legislative intent that the commission determine all questions arising on reviews, awards, agreements, and releases and rule upon every issue and branch of the case which pertain to a determination of liability.

Although *Murphy* did not discuss the issue of whether or not fraud in the procurement of the receipt "arose out of and in the course of employment," the court's finding that the exclusive remedy available to the workman claiming fraud was to comply with the provisions of the act to have the award set aside or modified, would seem to have persuasive precedential value in the case presently before the court. Likewise, although *Matlock* contains a different set of facts, it is useful to the present determination in its holding that the act is to determine not only liability, but also all questions and issues arising from that liability. Plaintiff's allegation of fraud in the settlement agreement would be an issue arising out of the determination of liability under the workmen's compensation statute. Applying the rationale of *Matlock* and *Murphy*, 44-528, if available, is the sole and exclusive remedy of a workman who contends the compensation award was procured by fraud. To allow circumvention of the remedies specifically provided in the act would "destroy the workmen's compensation act, or at least its administration." *Murphy v. Continental Casualty Co.,* 134 Kan. at 458; accord, *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. at 304 (no right is created to bring an independent action in district court by ignoring procedures set forth in the act).

The basic issue presented in this case has been litigated in the courts of various jurisdictions in this country. Many of these cases are set forth and discussed in the annotation at 46 A.L.R.3d 1279, *Workmen's Compensation Provision as Precluding Employee's Action Against Employer for Fraud, False Imprisonment, Defamation, or the Like* (1972). Some of the cases cited there are discussed by counsel in their respective briefs. Most of the cases are distinguishable on their facts. Several cases cited involved a claim that the fraud of the employer or his agent had caused the loss of a plaintiff's cause of action against a *third party.* In that situation, a statutory remedy would not be available under the workmen's compensation act and, hence, a common-law

action for fraud was permitted. *Ramey v. General Petroleum Corp.,* 173 Cal. App. 2d 386, 343 P.2d 787 (1959); *Pirocchi v. Liberty Mutual Insurance Co.,* 365 F. Supp. 277 (E.D. Pa. 1973). Some cases involved factual situations where the employer's insurance company carrier refused to make payments which had been awarded under the workmen's compensation act. In those cases no attack was made on the validity of the compensation award or the amount thereof. The actions were brought to enforce the award. *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 273 N.W.2d 220 (1979); *Gibson v. Nat. Ben Franklin Ins. Co.,* 387 A.2d 220 (Me. 1978); and *Martin v. Travelers Insurance Company,* 497 F.2d 329 (1st Cir. 1974).

Cases involving a factual situation comparable to that presented in the case now before us have been decided both ways. The decision was often based on the specific provisions of the state workmen's compensation law applicable in the particular jurisdiction. One of the earliest discussions on the employer's common-law liability to the employee for intentional and fraudulent interference with the employee's compensation rights may be found in the concurring opinion of Judge Ross in *Bevis v. Armco Steel Corp.,* 86 Ohio App. 525, 93 N.E.2d 33 (1949), *appeal dismissed* 153 Ohio St. 366, 91 N.E.2d 479, *cert. denied* 340 U.S. 810 (1950). In *Bevis,* Judge Ross reasoned that to allow an action at common law, in addition to compensation under the act, would allow a double recovery. He concluded that where the employer's fraud precluded the employee from claiming or enforcing his remedies under the act, there would be no double recovery and the rule of exclusivity of remedies under the workmen's compensation law would not be applicable. In *Flamm v. Bethlehem Steel Co.,* 18 Misc. 2d 154, 185 N.Y.S.2d 136 (1959), the New York court held that the exclusive remedy provisions of the federal Longshoremen's and Harbor Workers' Compensation Act did not preclude a common-law action by a plaintiff who had been deprived of his statutory rights under the act by his employer's fraud. The opinion indicates that defendant's fraud had the effect of *completely barring* plaintiff from recovery for his original injury under the compensation act. There is no mention of any provision of the act allowing review of an award improperly granted or denied because of fraud. That is clearly not the situation here. For other cases following *Flamm,* see *Gayheart v.*

*Newnam Foundry Co., Inc.,* _____ Ind. _____, 393 N.E.2d 163 (1979); *Broaddus v. Ferndale Fastener,* 84 Mich. App. 593, 269 N.W.2d 689 (1978).

A recent Georgia case on the point, cited by plaintiff, is *Cline v. Aetna Cas. &c. Co.,* 137 Ga. App. 76, 223 S.E.2d 14 (1975), which sustained a common-law action under factual circumstances quite comparable to those presented in the present case. The court reasoned that the plaintiff's cause of action for fraud was separate and distinct from any claim defendant had for injuries suffered in the course of his employment. Judge O'Connor, in his memorandum decision in this case, noted the holding in *Cline* but did not attach importance to the case because that portion of the opinion dealing with the exclusivity of the remedy under the workmen's compensation issue was dictum.

The cases from other jurisdictions which prohibit a common-law action against the employer for fraud of the employer in obtaining a settlement of a compensation claim do so under the exclusivity provision of the particular workmen's compensation statute involved, finding the claim of fraud to be so intertwined with the claim for compensation for the injuries arising out of employment as to preclude a common-law action. *Gambrell v. Kan. City Chiefs Football Club,* 562 S.W.2d 163 (Mo. App. 1978); *Chavez v. Kennecott Copper Corp.,* 547 F.2d 541 (10th Cir. 1977); *Escobedo v. American Employers Insurance Co.,* 547 F.2d 544 (10th Cir. 1977); *Sandoval v. Salt River Project, Etc.,* 117 Ariz. 209, 571 P.2d 706 (Ct. App. 1977); *Ragsdale v. Watson,* 201 F. Supp. 495 (W.D. Ark. 1962); *Greenwalt v. Goodyear Co.,* 164 Ohio St. 1, 128 N.E.2d 116 (1955).

Although we have considered the cases from other jurisdictions discussed above, we have concluded that the determination of the question certified in this case is governed by the Kansas cases cited and analyzed above. We consider as particularly in point our decision in *Murphy v. Continental Casualty Co.,* 134 Kan. 455. The Kansas cases make it clear that, if the Kansas Workmen's Compensation Act affords the worker a remedy for the wrong, the compensation act is not only applicable but exclusive, thus barring an independent action at common law. In determining the question presented, we have weighed the policy considerations and what we believe is the legislative intent. While K.S.A. 1979 Supp. 44-501 would seem to exclude from the scope of the act

intentional torts committed by the employer, under the factual circumstances in this case plaintiff's claim for damages for his employer's fraud in obtaining a settlement from plaintiff is so interwoven with the compensation award that to allow an independent common-law action would circumvent the statutory provisions, promote litigation, extend the period of uncertainty of the recovery for both the employee and employer, and would shift the loss of industrial accidents to the individual employer rather than to the entire industry, all contrary to the established purposes of the workmen's compensation act.

We hold that under the stipulated factual circumstances in this case where there is a remedy available to the injured employee under K.S.A. 1978 Supp. 44-528 to set aside a workmen's compensation award because of the employer's fraud, the injured employee cannot maintain an independent action to recover damages for the employer's fraudulent misconduct which resulted in an unjust settlement and award.

IT IS SO ORDERED.