643 F.2d 1386
 Patricia DAVIDSON, As Administratrix of the Estate of Alfred
Davidson, Jr. and Patricia Davidson, Individually,
and Tammy Davidson, Plaintiffs-Appellants,
v.
HOBART CORPORATION, David Newby, David Meeker, F. Douglas
Houser and James J. Mischler, Defendants-Appellees.
 No. 79-1558.
 United States Court of Appeals,
Tenth Circuit.
 Argued Nov. 17, 1980.
Decided March 12, 1981.
 
 Gerald N. Jeserich of Carson, Fields, Boal, Jeserich & Asner, Kansas City, Kan., for plaintiffs-appellants.
 William H. Wallace, Cleveland, Ohio (Thomas J. Collin, Cleveland, Ohio, with him on briefs), Thompson, Hine & Flory, Cleveland, Ohio, for defendants-appellees.
 Before DOYLE, McKAY and LOGAN, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 An employee was killed in 1976 while in the course of his employment with defendant Hobart Corporation. His estate and his surviving spouse and daughter brought a diversity action alleging negligence of the employer corporation, its plant manager, and its board of directors individually. The district court granted judgment on the pleadings for defendants, holding that the action was barred by the exclusive remedy provision of the Kansas Workmen's Compensation Act.[1] We affirm the district court's conclusion on each of the issues raised on appeal.
 
 
 2
 The exclusive remedy provision of the Kansas Workmen's Compensation Act does not violate the Kansas Constitution. Boyd v. Barton Transfer & Storage, Inc., 2 Kan.App.2d 425, 580 P.2d 1366, 1369-70 (1978); see also Manzanares v. Bell, 214 Kan. 589, 522 P.2d 1291, 1300-01, 1309-10 (1974); State v. Urban Renewal Agency, 179 Kan. 435, 296 P.2d 656, 660 (1956).
 
 
 3
 Since the exclusive remedy provision does not involve any suspect classification or fundamental constitutional right and is rationally related to a legitimate state objective, it does not offend the equal protection clause of the fourteenth amendment to the United States Constitution. See Harrah Independent School District v. Martin, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064-65, 59 L.Ed.2d 245 (1979); Northern Pacific Railway v. Meese, 239 U.S. 614, 620, 36 S.Ct. 223, 224, 60 L.Ed. 467 (1916).
 
 
 4
 The Kansas Supreme Court has explicitly held that the exclusive remedy provision bars an action against the employer for loss of consortium caused by injuries sustained by an employee in the course of his employment. Fritzson v. City of Manhattan, 215 Kan. 810, 528 P.2d 1193 (1974). Logically, the exclusive remedy provision also bars an action for loss of consortium against other employees of the employer, since § 44-501 affords the same protection to other employees of the employer as it does to the employer.
 
 
 5
 The only issue on appeal not governed by express case law is whether individual members of the employer corporation's board of directors are "employees" under § 44-508(b) and are therefore immune from liability for an injury covered by the act. Kan.Stat. § 44-501. However, the statutory language and enunciated standards of statutory construction are sufficiently clear to resolve the question. The Kansas Supreme Court recently reiterated that "(t)he act is to be liberally construed to effectuate its purpose." Yocum v. Phillips Petroleum Co., 228 Kan. 216, 612 P.2d 649, 653 (1980).
 
 
 6
 Section 44-501 provides that "(s)ave as herein provided, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under this act ...." (Emphasis added.) Section 44-508(b) defines an "employee" as "any person who has entered into the employment of or works under any contract of service ... with an employer. Such terms shall include but not be limited to: Executive officers of corporations ...." (Emphasis added.) The workmen's compensation act's language and underlying policies dictate the conclusion that directors are "employees" for purposes of the exclusive remedy provision. A director enters into an explicit or implicit "contract of service" with the corporation to perform those duties customarily incident to the office of director, and thus falls within the definition of "employee" in § 44-508(b). Moreover, the expansive language of § 44-501 and § 44-508(b) evinces a legislative intent to treat the employer and those performing work for it as a single economic unit, immune from common-law negligence actions arising from injuries covered by the act.
 
 
 7
 It would be an anomalous contravention of the workmen's compensation scheme to remove personal liability from executive officers, supervisors, and all other workers, while leaving the directors personally liable for damages arising from an employee's injury. The statute's expansive definition of "employee" is evidence that the legislature did not intend such an illogical result. "To allow circumvention of the remedies specifically provided in the act would 'destroy the workmen's compensation act, or at least its administration.' " Yocum v. Phillips Petroleum Co., 228 Kan. 216, 612 P.2d 649, 654 (1980) (quoting Murphy v. Continental Casualty Co., 134 Kan. 455, 458, 7 P.2d 84, 86 (1932)).
 
 
 8
 The plaintiffs' theory of the directors' liability is the directors' alleged knowledge of hazardous working conditions which caused the employee's death. The directors' only connection with the employee's death arises solely out of their performance of services for the employer corporation. Therefore, they are immune from liability in this case.
 
 
 9
 It is not necessary to decide whether corporate directors, as "employees," have a right to workmen's compensation benefits for injuries. We hold only that the exclusive remedy provision of the Kansas Workmen's Compensation Act bars a common-law negligence action against directors of the employer corporation for an injury encompassed by the act.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Kan.Stat. § 44-501 et seq. Section 44-501 provides that "(s)ave as herein provided, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under this act ...." The district court held that directors are "employees" for purposes of the exclusive remedy provision