**Thomas B. WARD, Plaintiff,**

v.

**ROYAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. E86–0076(L).**

United States District Court,
S.D. Mississippi, E.D.

December 29, 1986.

Joe Clay Hamilton, Meridian, Miss., for plaintiff.

Keith R. Raulston, Heidelberg, Woodliff and Franks, Jackson, Miss., for defendant.

**MEMORANDUM OPINION
AND ORDER**

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Royal Insurance Company of America (Royal) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Thomas B. Ward has filed timely response to the motion.

In August 1982, Ward allegedly sustained an industrial injury while employed with Apex Contracting Company (Apex). Royal had previously issued to Apex a workers' compensation policy covering the date of the alleged accident. Thereafter, Ward filed a motion to controvert his workers' compensation claim before the Missis-

---

**3.** We shall also deny the Secretary's motion to dismiss for lack of prosecution due to delay in submitting briefs.

sippi Workers' Compensation Commission (Commission). A settlement was negotiated by the parties and approved by the Commission in an order entered on November 5, 1985. Pursuant to the order, Royal paid Ward the sum of $32,906.06, in addition to sums previously paid to him for compensation and medical benefits under the Workers' Compensation Act. In conjunction with this settlement, Ward executed a release on November 18, 1985, which his attorney also signed indicating his approval. Following execution of the release, plaintiff filed the present action alleging that prior to the settlement of the workers' compensation claim, Royal wrongfully withheld or delayed payment of workers' compensation or medical benefits owed him. The release, which is the focus of this motion, states in pertinent part:

### RELEASE OF ALL CLAIMS

FOR THE SOLE CONSIDERATION of the sum of THIRTY–TWO THOUSAND NINE HUNDRED SIX AND 06/100 DOLLARS ($32,906.06), receipt of all of which is hereby acknowledged, the undersigned THOMAS B. WARD, an adult person has and does hereby *fully, finally, and forever release, discharge, and acquit* APEX CONTRACTING COMPANY and *ROYAL INSURANCE COMPANY OF AMERICA of and from any and all claim or claims, demands, losses, actions, suit or suits,* compensation or medical benefits, accrued or to accrue, or outstanding and unpaid, to or for the benefit of said THOMAS B. WARD *arising out of or related to or resulting from a certain accident or injury which occurred on the 4th day of August, 1982; and*

This compromise settlement is a full accord and satisfaction of all claims of every kind and character for compensation or medical benefits arising out of or connected with employment with Apex Contracting Company, accrued or to ac-

crue, and arising under or pursuant to the Mississippi Workers' Compensation Act of 1948 as amended or otherwise and expressly, without limitation, it is understood that any and all medical expenses heretofore incurred for care and treatment on account of the aforesaid injury have been paid, or will be paid by the undersigned out of the aforesaid sum of money, herein recited.

\* \* \* \* \* \*

This settlement is the compromise of a disputed claim and payment is not to be construed as an admission of liability on the part of the persons, firms, and corporations hereby released by whom liability is expressly denied. This release contains the entire agreement between the parties hereto, and the terms of this release are contractual and not mere recitals.

I have carefully read the foregoing release and know the contents thereof, and sign the same as my own free act. (emphasis supplied).

\* \* \* \* \* \*

The question presented on this motion for summary judgment is whether the release executed by plaintiff bars the present action for alleged bad faith refusal to pay which was filed subsequent to settlement.[1] As there appear to be no Mississippi cases on point, the court will consider cases from other jurisdictions.

In *Chavez v. Kennecott Copper Corp.,* 547 F.2d 541 (10th Cir.1977), plaintiff Chavez brought an action to recover damages from his former employer alleging that the employer had acted in bad faith in denying a workers' compensation claim. The plaintiff gave notice of his claim, yet the employer refused to pay. Chavez then instituted an action in state court which resulted in a stipulated judgment in his favor. Subsequently, plaintiff and his attorney executed a "receipt and satisfaction of judgment" which released the employer from

---

**1.** The Mississippi Supreme Court has recognized the right of an employee to bring an action against a workers' compensation carrier for its intentional tort in the handling of a workers' compensation claim, and against an employer for bad faith failure to pay workers' compensation benefits. *See Southern Farm Bureau Casualty Insurance Company v. Holland,* 469 So.2d 55 (Miss.1985); *Luckett v. Mississippi Wood, Inc.,* 481 So.2d 288 (Miss.1985).

"any and all claims, damages, actions, or causes of action arising out of his employment with the defendant ...," and specifically released the defendant from all claims under the New Mexico Workmen's Compensation Act. Chavez subsequently brought an action alleging that the employer's initial denial of the claim for compensation was made in bad faith. He argued that the claim for bad faith was separate and distinct from the workers' compensation claim and that, consequently, the award by the state court of compensation benefits was not a bar to the action. The Tenth Circuit, in affirming the district court's grant of summary judgment in favor of the defendant, quoted at length from the district court's opinion:

> In the instant case the plaintiff now attempts to bring this federal court action two years later for a claim of bad faith delay *arising out of the very dispute which was compromised and settled and the proceeds of which have been retained by the plaintiff.*
>
> Further, the receipt and satisfaction of judgment ... stipulated that it was in satisfaction of "any other claims against defendant." While the only action which had been pending was the workmen's compensation action, *this broad satisfaction executed as part of a compromise settlement does arise to an accord and satisfaction and bars the present action by the plaintiff.*

*Chavez,* 547 F.2d at 543 (emphasis supplied). Similarly, in *ACF Produce, Inc. v. Chubb/Pacific Indemnity Group,* 451 F.Supp. 1095 (E.D.Pa.1978), the court discussed the viability of a bad faith claim after settlement and release of an insurance carrier. The release in that case provided that plaintiff would

> release, acquit and forever discharge Federal Insurance Company ... from any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of service, expenses, and compensation whatsoever ... resulting ... from the accident, casualty or event which oc-

curred on or about the 5th day of September, 1974.

*ACF Produce, Inc.,* 451 F.Supp. at 1101. When plaintiff subsequently brought an action for bad faith delay in settling the claim, defendant moved for summary judgment based on the release. In concluding that plaintiff's bad faith claim fell within the language of the release, the court observed that,

> [A]ny loss caused by the delay was suffered prior to the execution of the release. Had plaintiff instituted an action for defendant's failure to pay promptly once the claim had been settled, we would have been presented with a different question. Finally, the comprehensive language employed in the release reflects the parties' intent to include any dispute relating in any way to the original loss.

*Id.*

■ Ward is not seeking to have the release set aside. Rather, he claims that the release cannot be categorized as a general release of all claims since, by its terms, the release is specifically limited to workers' compensation claims, and does not bar an independent claim by Ward against Royal for bad faith. However, the language of the release does not support this argument. The document is entitled "Release of All Claims" and, by its terms, Ward agreed to "release, discharge, and acquit" not only the employer but also Royal, the carrier, from "any and all claim or claims, demands, losses, actions, suit or suits, compensation or medical benefits, accrued or to accrue, or outstanding and unpaid, to and for the benefit of" Ward "arising out of or related to or resulting from" the accident which occurred on August 4, 1982. While the second paragraph of the release encompasses the claim for compensation and medical benefits under the Workers' Compensation Act, the language of the first paragraph is broad and comprehensive. The present claim for bad faith clearly falls within the release as it, in the court's opinion, is one which has arisen out of or is related to the accident.[2]

---

2. The Fifth Circuit has defined "arising out of"    to mean "'originating from' 'having its origin

Although this issue has never been addressed by the Mississippi Supreme Court, previous decisions by that court suggest that, if confronted with this issue, the court would conclude that a release such as the one executed by Ward would bar a subsequent bad faith suit. For example, the court has stated that where there has been no fraud inducing a party to enter into a settlement, then he, by doing so, "waive[s] all prior wrong of which he [has] knowledge when he [makes] the settlement." *Hines v. Hambrick*, 210 Miss. 358, 49 So.2d 690, 694 (1951). In *Hines*, the court stated:

> Had [plaintiff] desired to maintain his contention that Mrs. Hines was under obligation to inform him of the terms of the Waldrop offer, he should have insisted upon that being done, and, if necessary, then instituted legal proceedings to enforce his right, rather than enter into another contract regarding the same subject matter, expressly waiving his right.

> \* \* \* \* \* \*

> *He had knowledge of the wrong, if there was wrong. He had a right to waive it. He did waive it by his deliberate and free agreement adjusting and settling all matters between himself and Mrs. Hines, supported by valuable considerations, which he and his attorneys determined was to his benefit, and which later was fully performed by both parties.*

*Id.* 49 So.2d at 694, 695 (emphasis supplied). Although recognizing a policy of liberality in reviewing transactions in which one party might have had an advantage over another in experience, knowledge and wisdom, the Mississippi Supreme Court has further said that "in the absence of fraud, deceit or fiduciary relations of some kind, the court cannot relieve a person from the consequences of his acts merely because he has not acted prudently or diligently about his contracts or other matters." *McCorkle v. Hughes*, 244 So.2d 386, 388 (Miss.1971) (quoting *Fornea v. Goodyear Yellow Pine*

*Co.*, 181 Miss. 50, 65, 178 So. 914, 918 (1938)).

In the case at bar, Ward has not alleged fraud, deceit or breach of fiduciary relations by Royal. This is not a case in which one party had the advantage over the other party in experience, knowledge and wisdom, since Ward signed the release on advice of counsel who also signed the release and presumably informed Ward of his rights and the consequences of executing the release. Moreover, Ward signed the release with full knowledge of any alleged wrong by Royal committed prior to the execution of the release. If Ward believed he had been wronged by Royal, he could have brought suit against Royal to enforce whatever rights he believed he had or, alternatively, he could have reserved the right to sue for bad faith in the agreement itself. Since he did not do so, he is bound by the consequences of his actions. In *McCorkle v. Hughes*, 244 So.2d 386 (Miss. 1971), the court stated that:

> While the law recognizes that there is no method known to the law by which to make people prudent, and that experience shows that people often imprudently make contracts, including the signing of releases, yet every person must be presumed to know the law, and in the absence of some misrepresentation or legal concealment of facts, the person must abide by the consequences of his contracts and actions.

*Id.*

■ The plaintiff next argues that any release which purports, in connection with a lump sum settlement of a workers' compensation claim, to discharge anything more than an employer's liability for workers' compensation benefits is invalid under Miss.Code Ann. § 71–3–43 (1972). This statute provides that "no assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid[.]" Section 71–3–37(10) (1972) provides for discharge of the liability of an

in,' 'growing out of' or 'flowing from'", or in short, "'incident to, or having connection with'...." *Red Ball Motor Freight v. Employers*

*Mutual Liability Ins. Co.*, 189 F.2d 374, 378 (5th Cir.1951).

employer for compensation by the payment of a lump sum "whenever the Commission determines that it is for the best interest of the person entitled to compensation." The plaintiff's construction of the two statutes, that a release may only discharge the liability of the employer and only for compensation benefits, is unduly restrictive. Neither statute prevents a party from discharging the workers' compensation carrier or from releasing claims other than claims for benefits under the Act. Moreover, nothing in the Workers' Compensation Act prohibits the release of the carrier for claims other than for compensation. The plaintiff was not required to release the carrier in this case, and if he fully intended to release only the employer for its liability for compensation, he could have done so through his attorney by limiting the language of the release.

It is the opinion of the court that the release is valid and therefore binding on the parties. The court is further of the opinion that the release is unambiguous and clearly covers the claim asserted in the present action.

Accordingly, it is ordered that the motion for summary judgment of defendant Royal Insurance Company of America is granted. A separate judgment shall be submitted in accordance with the local rules.